FLETA V. JEFFRIES *v.* W. E. DANCEY.

1. ORIGINAL ATTACHMENTS—ALIAS ATTACHMENTS—NEW GROUNDS OF ATTACHMENT.—D. in 1860, made affidavit that J. was indebted to him in the sum of $188 77, and that she was about to remove her property from the state, and obtained an attachment, which was levied upon three slaves, worth $2,000, and which were afterwards replevied by defendant, and bond given. In 1868, D. made affidavit, setting forth the foregoing attachment, which was still pending, and that the defendant had become a non-resident, and prayed an *alias* writ of attachment, which was issued; purporting on its face to be an *alias*, and was levied on real estate of the defendant. *Held :* That said second attachment was not an *alias*, not having issued upon any of the causes specified in the statute, but was an original proceeding, founded on a different cause—the non-residence of defendant; and having been issued without a new bond, was fatally defective.

2. NEW AFFIDAVIT—NEW ATTACHMENT—ERRONEOUS JUDGMENT.—Upon this second attachment, the clerk ordered publication of notice to defendant, March 6th, 1868. At the October term, thereafter, upon proof of publication, judgment was rendered against defendant, and the real estate levied on ordered to be sold. This proceeding was wholly erroneous, and the judgment reversable. 1st. Because the affidavit did not give the residence of defendant ; 2d. There should have been a new bond ; 3d. Proof of service of notice of the action should have been made and filed in the cause, and which notice should have been transmitted by mail, addressed to defendant at her place of residence.

Error to the circuit court of Madison county. SHACKEL-FORD, J.

The plaintiff in error assigned the following errors:

1st. There was no bond upon which the second attachment in this case could properly be predicated, and as the property had been replevied, no *alias* attachment could issue.

2d. There was no notice given to the plaintiff in error of the pending of the second attachment against her.

*John Handy*, for plaintiff in error.

The proceedings under the first writ seem to have been ignored.

This was, in legal effect, a beginning *de novo*—a suing out of a new attachment, based on entirely different grounds from the first one, and not simply the suing out of an *alias* writ of attachment. For the law allowing *alias* attachment writs to issue, provides that it may be done either to have a duplicate to go to some other county than that to which the original was issued, or in cases where no property, or an insufficiency of property, was found under the first writ; and it is provided that in such case there need be no renewal of bond or affidavit where there appears, as in this case, to have been a levy on sufficient property, and that property has been replevied by the defendant, and afterward the plaintiff files his affidavit alleging an entirely distinct and different ground for the attachment, and procures a levy to be made on other property, he must in law be considered as making a new case in court, and a bond becomes absolutely necessary to the validity of such new attachment.

The judgment of the court below is void for want of notice to defendant. Article 19 of the Revised Code, which allows the clerk of his own motion and in vacation, to make publication against absent defendants in attachment cases, is superceded by the general act of 1862, upon the subject of giving notice to absent defendants. This act evidently contemplates a regular order of publication by the court, and a direction to the clerk to transmit by mail to the absent party

a copy of such order.   In this case there was no order of pub-lication, and for that reason the notice is insufficient.   But it is totally insufficient for another reason; there is no affidavit of the place of residence of the defendant, nor is there any affidavit showing that such place of residence could not, after diligent inquiry be ascertained.   Nor is this defect cured by the recital in the judgment, "it appearing to the satisfaction of the court that a copy of such notice has been sent to the defendant's supposed post-office, addressed to her."   The act of 1862 provides a way for judicially ascertaining the place of defendant's residence; this is by the affidavit of the party plaintiff.   It is upon this affidavit alone that the judicial order of publication can be predicated; and this affidavit must state positively where the residence of defendant is, or that, upon due and diligent inquiry, it cannot be ascertained. Foster v. Simmons, 40 Miss., 585.

Such recitals in the judgment are wholly insufficient.   The law is satisfied only by a direct statement, under oath, of the place of residence, or that such place of residence cannot, upon diligent inquiry, be ascertained.   The nature of this diligent inquiry must be made known to the courts, and its sufficiency judged of by that court, at the time of making the order.

In reply to brief of counsel for appellee, I maintain that this is not a case of a motion of the levy under the first attachment. The defendant had replevied the property by giving bond, and any judgment rendered against her would not, therefore, have been in condemnation of the property levied on, if they had continued to be slaves, but the judgment would have been against her and her sureties on the replevy bond, and must necessarily have been entirely personal.   The statute does not call for a judgment of return of the property by defendant.

There was no motion for leave to amend the original attachment, nor any leave given.   The intention of the plaintiff was to begin *de novo*, by suing out an entirely new attachment, based on entirely different reasons from the first,

and to give notice under these proceedings by publication against her in a newspaper, an entirely new levy being made in the meantime on defendant's real estate.

*O. A. Luckett*, for defendants in error.

The judgment of the court below is correct. The first writ of attachment was issued October 5th, 1860, and then levied by plaintiff upon the negro woman Emily and her two children. On the 2d of January, 1861, the plaintiff in error gave bond, as provided by the statute, and replevied the property, which was delivered to her. In consequence of the war, nothing was done further with the case until the fifth day of March, 1868, when the appellee, out of abundant caution, made another affidavit, stating that Mrs. Jeffries, the appellant, was a non-resident, and asking for an *alias* writ of attachment. This was really but an amendment of the original affidavit made on the 5th day of October, 1860, and such is allowable. Rev. Code, 378, art. 13; Griffing v. Mills, 40 Miss., 611.

2d. The record shows that the writ was levied upon Emily and her two children, on the 5th of October, 1860. They were then slaves and the subject of seizure, and sold under execution on attachment as property. They afterwards became free by operation of war. McMath v. Johnson, 41 Miss. 430. Their emancipation was on condition of the levy. See 41 Miss., 348. The levy then was, and became insufficient, and all courts, affairs and persons were bound to take notice of this as an accomplished fact. Under this state of facts it was competent for the appellee to sue out an *alias* attachment without making a new affidavit, on giving four weeks' publication notice in a newspaper, as the record shows was done, and which was really a mere act of superogation. See Rev. Code, 378, art. 16 ; and Griffing v. Mills, before cited.

3d. The case of Simmons v. Foster, and the act of 1862, referred to by attorney for plaintiff in error, have not, in consequence of the effects of the war upon slavery, any application to the case at bar.

It is very evident that in this case there was no property in point of fact subject to sale under the levy, until the levy made under the *alias* attachment, on the 12th day of March, 1868.

Tarbell, J.:

In 1860, W. E. Dancey filed his affidavit and bond in attachment against Fleta V. Jeffries. A writ of attachment was issued and levied upon a slave named Emily, and her two children. This property was replevied by defendant in attachment, and bond given.

The above attachment was issued upon the ground that the defendant therein was about to remove her property from the state, and to recover the sum of one hundred and eighty-eight dollars and seventy cents.

No steps appear to have been taken in the above cause until 1868, when Dancey made an affidavit that in 1860, he obtained the foregoing attachment, which was still pending; that the defendant therein had become a non-resident of the state, and prayed for an *alias* writ of attachment.

Upon this affidavit, another attachment was issued, declared in the body thereof, to be an *alias*, upon which the sheriff attached the real estate of the said defendant. Upon the return of this second (*alias*) attachment, the plaintiff filed his declaration in the suit, claiming to recover for the goods, wares, merchandise, etc., a bill of which was filed in 1860, with the issuing of the first attachment,

The *alias* writ was issued March 12th, 1868. The clerk ordered publication of notice to defendant March 6, 1868. At the September term, 1868 of the Madison county circuit court, upon proof of publication, judgment was rendered against defendant, and the real estate levied upon was ordered to be sold. In October, 1868, a writ of error with *supersedeas*, was granted to the defendant in the court below. A reversal of the judgment is asked upon the following assignment of errors:

1st. There was no bond upon which the second attachment

was predicated, and as the property had been replevid, no *alias* attachment could issue.

2d. There was no notice given to the plaintiff in error, of the pendency of the second attachment against her.

Art. 13, p. 377, Rev. Code, provides for auxilliary attachments in aid of pending suits, but is not conceived to have any application to the case at bar. If it has, the proceedings of the plaintiff in this attachment are fatally erroneous in not executing and filing a bond as required by said article.

Art. 16, p. 378, Rev. Code, provides for *alias*, or duplicate writs, and is as follows: " The officer granting an attachment may issue duplicate writs to any other county in which the defendant may have property or debts due him, which writs shall be returnable to the court to which the original is returnable, and shall be executed and returned in like manner, and when the attachment has not been executed, or when no property has been found, or not sufficient to satisfy the debt, or when the plaintiff desires to garnishee other persons, the clerk of the court to which the same is returnable may issue *alias* writs, to the same or other counties, without a renewal of the bond or affidavit."

It will be observed that under this article an *alias* attachment may issue, without bond or affidavit: 1st. When the attachment has not been executed ; 2d. When no property has been found ; 3d. When the property seized is insufficient to pay the debt; 4th. When the plaintiff desires to garnishee other persons.

In the case at bar the plaintiff did not proceed on any of the grounds authorizing an *alias* attachment, but for an entirely different cause, to-wit: the non-residence of the defendant, and took judgment upon the *alias*, and not upon the original attachment, as he should have done in conforming to this statute.

Regarding this as an original proceeding, it is erroneous in several material particulars: 1st. The plaintiff should have given the residence of the defendant; 2d. There should have been a bond ; 3d. Proof of service of notice of pendency of

action should have been made and filed in the cause, which service should have been by mail, addressed to defendant at her place of residence. ,

While in one aspect it would be a hardship for the creditor in this case to lose his debt, yet he is chargeable with serious laches. The original attachment was levied in 1860 upon property valued at two thousand dollars, to secure a debt less than two hundred dollars. From 1860 to 1868 the creditor took no steps to enforce the collection of his debt. In the course adopted there are fatal errors. Whether, if the plaintiff in the attachment had procured an *alias* or duplicate writ upon so much of art. 16, above quoted, as allows a duplicate when the property levied upon is not sufficient to satisfy the dedt, he would have been regular, we will not now determine, nor will we express an opinion whether the creditor's rights are protected by the doctrine of a motion, but leave him to his own option and judgment as to the course for him to pursue in the further prosecution of his claim.

The judgment is reversed, without prejudice to the original proceedings of plaintiff in attachment, or to his further prosecution of the same, in the mode in his judgment best calculated to secure his debt.

Let the judgment in the second attachment be reversed, and the cause remanded.