## D. W. C. HARRY ET AL. V. CITY NATIONAL BANK OF TYLER ET AL.

### No. 549.

1. **Trial of Right of Property—Default Against Claimant—Tender of Issues.**—A claimant of attached property duly filed his bond therefor; the case was docketed, and at the first term of court was continued by agreement, and on the first day of the next term the court entered an order directing issues to be made up, but specifying no given time in which this should be done. On the second day thereafter, plaintiffs in the attachment, without making a tender of issues, filed a motion suggesting that claimant had failed to appear and plead, and asking judgment by default, which was thereupon entered against claimant and his bondsmen. *Held*, error, as claimant could not, in this case, be put in default until plaintiffs had tendered issues.

2. **Same—Nonsuit Against Coplaintiffs.**—It was also improper for the court, upon motion of some of the plaintiffs, and in connection with the judgment by default against claimant, to enter judgment of nonsuit against other plaintiffs for failure to appear and prosecute, since the case was not ready to proceed to judgment.

ERROR from Upshur. Tried below before Hon. FELIX J. McCORD.

*Briggs & Kendrick* and *H. Chilton*, for plaintiffs in error.—1. The court erred in rendering judgment by default against D. W. C. Harry, claimant, and his sureties, plaintiffs in error, without issues tendered or joined, or other pleadings upon which to base said judgment. De Forest v. Miller, 42 Texas, 34; Scarborough v. Alcom, 74 Texas, 358; State v. Bender, 68 Texas, 676; Hamburg v. Wood, 66 Texas, 168; Kimmarlee v. Railway, 76 Texas, 686; Cooper v. Longlin, 75 Texas, 524; Ricker v. Douglas, 75 Texas, 180; Williams v. Barnwell, 78 Texas, 326.

2. The court erred in rendering judgment by default against claimant and the sureties on his bond on January 6, 1892, without allowing reasonable time after the order to make up issues, for said Harry (claimant) to appear and comply with same; and the time from January 5 to January 6 was not such reasonable time.

3. The court erred in rendering judgment of nonsuit against First National Bank of Gatesville, First National Bank of Tyler, Estate of E. L. Clay, deceased, and Central National Bank of Dallas, part of the plaintiffs in the writ of attachment. The statute treats all the plaintiffs as an entirety. Priorities can be settled, but nothing is provided about nonsuits as to part. There was no issue as to priorities in this case. Rev. Stats., art. 4843.

*Woldert & Johnson*, for Sue H. Clay.—The court erred in rendering judgment of nonsuit, or dismissal, as to estate of Clay, deceased, when there was no issue of priority between the attaching creditors. Rev. Stats., art. 4843.

*N. W. Finley*, *T. B. Butler*, and *H. B. Marsh*, for defendants in error. 1. The claimant D. W. C. Harry, having failed to appear in person

or by attorney within the time prescribed for pleading, and the plaintiffs, in whose favor the judgment was rendered, having appeared, it was the duty of the court to render a judgment by default in favor of said plaintiffs against said claimant and the sureties on his claim bond, for the value of the property and statutory damages. Rev. Stats., art. 4835; Betterton v. Buck, 2 Wills. C. C., sec. 199; Field v. Fowler, 62 Texas, 68; Wright v. Henderson, 10 Texas, 204.

2. The court, under the statute, is only authorized to direct an issue to be made up between the parties when they both appear; and the fact that the court, prior to the appearance of both parties, and in the absence of the claimant, directed an issue to be made between the parties, would not deprive it of the authority, on the failure of the claimant to appear within the time prescribed for pleading, to render judgment, by default, against the claimant, as the statute directs shall be done in such a case. Rev. Stats., art. 4833; Betterton v. Buck, 2 Wills. C. C., sec. 200.

3. It is only when both parties appear that the issue contemplated by the statute can be made up between them; for in the absence of one of the parties it is impossible for "an issue to be made up in writing between the parties and tried as in other cases." Rev. Stats., art. 4833; Simonton v. Winter, 10 Pet., 141.

4. The court having directed an issue to be formed between the parties, and the time prescribed for pleading being a matter of general law, it was the duty of the claimant to appear and join issue, as directed by the court, within the time prescribed for pleading, though he had no actual notice of the order, and on his refusal or failure to do so it was the duty of the court to render judgment by default against him. Rev. Stats., art. 4835; Field v. Fowler, 62 Texas, 68; Wright v. Henderson, 10 Texas, 204; 2 Wills. C. C., sec. 199.

RAINEY, ASSOCIATE JUSTICE.—This is an action for the trial of the right of property levied upon by writs of attachment sued out by the City National Bank, E. C. Williams, A. Harris, and J. W. Boyd, defendants in error, and the First National Bank of Gatesville, First National Bank of Tyler, estate of E. L. Clay, deceased, and Central National Bank of Dallas. The property was claimed by D. W. C. Harry, who made an affidavit and executed a bond under the statute. All the foregoing parties were payees in the bond. At the instance of defendants in error, the other plaintiffs below were nonsuited, and judgment by default rendered against D. W. C. Harry, claimant, and his bondsmen, for the value of the property claimed. Subsequently claimant made an application to set the judgment aside. This was overruled, and the case brought up on writ of error by claimant and the administrator of the estate of E. L. Clay. There is no statement of facts, and the case is presented on the record alone.

The claimant, D. W. C. Harry, assigns fourteen errors, twelve of which are presented in his brief. Those not discussed we think have

been settled adversely to claimant by the decisions of our Supreme Court.

The first error assigned is: "The court erred in rendering judgment by default against D. W. C. Harry, claimant, and his sureties, plaintiffs in error, without issues tendered or joined, or other pleadings upon which to base said judgment."

The record shows, that after the claimant's oath and bond were filed a term of court passed, during which it was agreed between the attorneys of the parties that the cause stand continued, which was done. The subsequent term of the court convened on January 4, 1892, and on said day the court entered an order directing that issues be made up. On January 6, 1892, defendants in error, without tendering issues, filed a motion suggesting that claimant Harry had failed to appear and plead, and that the other plaintiffs (naming them) had failed to appear and prosecute their cause, and asked for judgment by default against claimant and his sureties, and that defaulting plaintiffs be nonsuited; which motion the court then and there granted, entering judgment fixing priorities between the defendants in error.

The main question involved under the foregoing facts is, after an appearance by claimant and an order of court directing issues to be made up, can a judgment by default be taken against a claimant, without the plaintiff first tenders issues?

It is unnecessary to cite authorities to show that in cases other than of the trial of the right of property, in order to support a judgment by default, there must be sufficient allegations setting forth plaintiff's cause of action. In an action for the trial of the right of property, it has been held that the affidavit is in no sense a pleading. Hamburg v. Word, 66 Texas, 168; Wetzel v. Simon, 87 Texas, 403.

In the first case cited, in an able opinion, Justice Robertson says: "The affidavit is not a pleading. It is to be passed upon only by the sheriff, who is not required to be learned in the law. It is a safeguard additional to the bond against frivolous delays of legal process. Its function is discharged when it has been accepted, in company with the more substantial assurance of good faith, the bond." This language is quoted approvingly by Chief Justice Gaines in the case of Wetzel v. Simon, supra.

In the trial of the right of property, the plaintiff in the writ "holds the affirmative of the issue to be tried—whether the property levied upon is subject to the writ." Hamburg v. Word, supra.

Where the defendant has appeared, the plaintiff is only allowed to take judgment by default against him when he "neglects or refuses to join issue under direction of the court." Rev. Stats., art. 4835. We take it, that defendant did in this case appear, from the fact that the cause had been continued at a former term by agreement, and from the further fact, that the court had directed issues to be made up— which he is not required to do unless *both parties appear*. Then, as the

claimant had appeared in the suit, and as the affirmative of the issue rested with the plaintiffs, no action was required of the claimant until the plaintiffs filed their tender of issues for claimant to reply to. Until issues were tendered by plaintiffs, they were not in a position to demand that claimant join issue, because they had tendered no issue which called forth action from claimant, and until they did so, claimant could not be considered in default.

In the case of Field v. Fowler, 62 Texas, 68, Chief Justice Willie, in discussing article 4835, Revised Statutes, after quoting it, says: "The result of this provision is to give to an appearance by the defendant all the effect of a plea in an ordinary case in preventing a judgment by default until such time as he shall refuse to join issue under direction of the court."

There was no time specified by the court in which issues were to be joined, and in the absence of a tender of issues by plaintiffs, claimant was not in default, and it was error for the court to render judgment against him by default.

We are also of opinion, that plaintiffs in error not being in a position to proceed to judgment, it was error in the court to nonsuit their coplaintiffs.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded for trial.

*Reversed and remanded.*

Delivered February 20, 1895.