## W. E. COBB v. J. I. CAMPBELL.

Delivered October 31, 1896.

**1. Trial of Right of Property—Denial by Claimant.**
The statute which applies the general denial for the plaintiff to any special matter of defense pleaded by defendant, can not, in the statutory action for the trial of the right of property, be invoked by the claimant to controvert what he has not denied in his tender of issues.

**2. Same—Verdict Upon Special Issues.**
A verdict upon special issues will not be held too narrow to support the judgment, where it covers the only material issue controverted by the plaintiff in his denial of the issues tendered by plaintiff.

**3. Same—Amount of Judgment for Plaintiff.**
Where the claimant fails to sustain his claim to attached property, it is not reversible error that judgment is rendered for plaintiff in attachment for the amount of his debt, instead of for the value of the property, where the debt is less than such value.

ERROR from Randall. Tried below before Hon. H. H. WALLACE.

*Plemmons & Veale* and *J. H. Cobb*, for plaintiff in error.

*Thomas F. Turner*, for defendant in error.

STEPHENS, ASSOCIATE JUSTICE.—J. I. Campbell caused the cattle in controversy to be seized under attachment against S. W. Barber. W. E. Cobb claimed them, making affidavit and bond as provided in the statute. As such claimant he tendered the issue, as the foundation of his claim, of his right to the possession of the cattle under a mortgage given him by Barber and registered in Potter County, alleging the residence of Barber to have been in that county when the mortgage was executed and recorded. To the second issue tendered the court properly sustained a demurrer, and no further notice need be taken of it.

The issue tendered by plaintiff Campbell showed his right to subject

the property to the payment of his debt in the attachment suit, the amount of which was less than the value of the property, alleging that the mortgage had not been registered as required by law prior to the levy of the attachment.    He also denied in general terms all the allegations contained in the issue tendered by the claimant.  The pleadings of the claimant, however, though filed on the same day, contained no such denial of the facts alleged by the plaintiff.

In response to the special issues submitted by the court, the jury found the residence of S. W. Barber to have been in Dallas County, Texas, and the cattle to have been in Randall County, at the date of the mortgage and its registration.  The court, after fixing the amount of the plaintiff's demand in the attachment suit at one thousand and twenty-nine dollars and forty-eight cents, the aggregate of the debt and costs in that suit, with the ten per cent damages, rendered judgment on the verdict against Cobb and the sureties on his claim bond for the amount so fixed, which was considerably less than the assessed and undisputed value of the cattle.

To this judgment several errors are assigned in the brief for plaintiff in error, but some of them are entirely different from any found in the transcript, and none of them, or the propositions under them, are sustained by proper statements and citations from the record; and defendant in error objects to our considering them upon these grounds.    We have, however, examined them sufficiently to be satisfied that no injustice will be done plaintiff in error by ignoring them in the disposition of the case.    Indeed, his counsel in oral argument seems to concede that they are unavailing; but insists that there is fundamental error, because the special verdict is too narrow in its scope to support the judgment.    The rule invoked has several times been recognized and followed by this court, and we have now only to decide whether it affects this case.

In the statutory proceeding for the trial of the right of property, the claimant, so far as the record proper, which includes the pleadings, is concerned, is the defendant in the action, and the plaintiff in the main action is still plaintiff.    The statute requires the case to be so docketed. Sayles' Statutes, art. 4833.    If claimant fails to appear and join issue, judgment by default may be had against him like any other defendant. Sayles' Statutes, art. 4835; Martin v. Hartnett, 86 Texas, 517, 674. The plaintiff in tendering the issue on his part is only required to show the authority for the levy, and his right to subject the property to his writ.    Sayles' Statutes, 4834.

The statute (art. 1197) which supplies the general denial for the plaintiff to any special matter of defense pleaded by the defendant can not, therefore, be invoked by the claimant to controvert what he has not denied in his tender of issues.    The mortgage, which showed the registration in Potter County and recited the residence of the mortgagor in Dallas County, was made an exhibit to the claimant's tender of issues, and the only material issuable fact controverted by him was

that of the residence of the mortgagor, which is covered by the verdict.   As the other facts alleged by plaintiff below were not denied, they were properly taken as confessed, and authorized the court to fix the amount due plaintiff and enter judgment accordingly.   In truth, the statute does not seem to contemplate that this issue should go to the jury at all, as it is one with which the claimant has nothing to.   Sayles' Statutes, art. 4843.

The judgment did not follow the statute strictly, in that the amount due plaintiff, instead of the value of the property, was adjudged against the claimant and his sureties, but as this was less than the undisputed value of the property (which was valued at $1500), it is apparent that no injury resulted to the claimant from the informalty.

We conclude that the judgment should be affirmed.

Writ of error refused.                                    *Affirmed.*