WARREN v. ATLAS CONST. CO.
(No. 7429.)

(Court of Civil Appeals of Texas. Galveston. June 5, 1917. Rehearing Denied June 28, 1917.)

1. ATTACHMENT ⬤⟹314—CLAIMANTS' BONDS—ACTION ON—DEFAULT.

Where claimant of attached property files his bond and oath under statute, enters his appearance, and requests court to make order directing issues to be made up, no judgment can be rendered by default against him or his surety until he refuses to join issues under direction of court.

2. ATTACHMENT ⬤⟹314—CLAIMANTS' BOND—ACTION ON—DAMAGES.

On failure of claimant of attached property to sustain his claim, judgment may be rendered for plaintiff in attachment for amount of his debt, instead of for value of property, where debt is less than such value.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Error by J. B. Warren, from judgment rendered against him in favor of the Atlas Construction Company, on claimant's bond filed by him in attachment suit by said company against S. Johnson. Reversed and remanded.

A. C. Van Velzer, of Houston, for plaintiff in error. Atkinson, Graham & Atkinson, of Houston, for defendant in error.

LANE, J. On the 2d day of April, 1915, the Atlas Construction Company, hereinafter called Construction Company, filed a suit in the Eleventh district court of Harris county against one S. Johnson. In its petition in that suit the Construction Company alleged that it was a corporation of Tulsa, Okl. During the pendency of said suit the Construction Company sued out a writ of attachment, and the same was levied upon a certain automobile as the property of S. Johnson. The automobile so taken under said writ was valued by the officer taking the same at $535. On the 12th day of May, 1915, J. B. Warren, plaintiff in error, filed his claimant's bond and oath under the statute, with the Lion Surety & Bonding Com-

---

pany as his surety, and by virtue thereof the automobile in question was delivered to said Warren. The oath and bond of Warren were, on said 12th day of May, 1915, filed in said district court, and said cause was then docketed as Atlas Construction Company v. J. B. Warren, No. 66577C. On the 18th day of June, 1915, during the next term of said court, after the filing of said bond and oath, the defendant Warren filed his appearance in said claim bond case, which reads as follows:

"Comes now the defendant, J. B. Warren, in the above numbered and styled cause and hereby waives the service of citation upon him in this cause. The defendant now appears for all purposes of joining issues in this cause and for its trial at the present term of this court or the next term thereof. The defendant requests and now moves the court to make an order directing issues to be made up and tried in this cause by the parties hereto."

Thereafter no further pleadings were filed by either party to the suit, so far as is shown by the record, nor was there any further proceedings had in the court affecting this suit or the suit against S. Johnson until the 24th day of November, 1915 (same being during the next term of said court after the June, 1915, term of said court), at which time the trial court rendered judgment in the main or original suit for the Construction Company against S. Johnson for the sum of $500, and for a foreclosure of its attachment lien on the automobile in question, and for the sale of said automobile to satisfy said judgment, etc. On the same day, to wit, November 24, 1915, without further pleadings by either party in cause No. 66577C, the claim bond case, the trial court rendered the following judgment:

"11/24/15. This cause coming on to be heard, on this day came the plaintiff, Atlas Construction Company, by counsel, and announced ready for trial, and the claimant, J. B. Warren, who has heretofore filed a claimant's oath and bond as provided by law, came not but wholly made default. It is therefore considered and adjudged by the court that plaintiff, Atlas Construction Company, do have and recover of and from claimant J. B. Warren as principal, and the Lion Bonding & Surety Company, as surety on his claimant's bond, the sum of $500 the amount of judgment recovered by plaintiff and 10 per cent. damages thereon, making the sum of $550, together with all costs of suit for which let execution issue.

"It is further adjudged and decreed that no execution shall issue on this judgment for 10 days hereafter, and that if within 10 days the claimant, J. B. Warren, shall return the property described in said judgment, to wit, one five passenger car, Ford make, license No. 6478, serial No. 669496: together with the damages and costs; such delivery and payment shall operate as a satisfaction of this judgment."

From the judgment last mentioned J. B. Warren has appealed.

[1] By appellant's first assignment of error it is, in effect, insisted that the trial court erred in rendering judgment by default against Warren and his surety, because the said Warren was not in default so as to entitle the Construction Company to such default judgment, the said Warren having

197 S.W.—21

theretofore entered his appearance in said cause and having requested the court to order the parties to join issues in said cause, and because the court had not ordered the joinder of issues by the parties, and the plaintiff in said claim bond suit had tendered no issues in said suit, or made other pleading therein prior to the rendition of said judgment. If the contention here made by appellant is sustained, it would require a reversal of this cause. Until issues are tendered the claimant cannot be considered in default, and no judgment can be rendered by default against him and his surety on his claimant's bond. Field v. Fowler, 62 Tex. 68; Harry v. City Bank, 10 Tex. Civ. App. 51, 30 S. W. 92; De Forest v. Miller, 42 Tex. 36. In the case of Field v. Fowler, supra, it is said:

"Our Revised Statutes provide that, when a plaintiff in an action for the trial of the right of property appears, and the defendant fails to appear, or neglects or refuses to join issue under the direction of the court within the time prescribed for pleading, the plaintiff shall have judgment by default as in other cases. Article 4385 (5299). The result of this provision is to give to an appearance by the defendant all the effect of a plea in an ordinary case in preventing a judgment by default until such time as he shall refuse to join issue under the direction of the court. How this appearance is to be effected is not prescribed, but when the parties come into court, as in this case, and have an entry made upon the minutes that they have appeared, it is sufficient to prevent the consequences of a failure to appear on either side. The appearance may be either in person or by attorney, and its effect continues until it is withdrawn or set aside, or the defendant fails to join issue when one is directed by the court."

[2] It has been shown that on the 18th day of June, 1915, after Warren had filed his claimant's bond and oath, and before the next preceding term of the trial court had convened at which judgment by default was rendered against him and his surety, Warren, in writing, had entered his appearance in said cause and requested the court to make an order directing issues to be made up. There is nothing in the record to show that such appearance had been withdrawn or otherwise set aside or rendered inoperative as an appearance; nor is there anything in the record to show that the court had directed said issues to be made as requested by Warren, nor that the Construction Company had tendered any issues whatever. Under such state of facts the court committed such error in rendering judgment by default against the claimant and his surety as must cause a reversal of the judgment so rendered.

"On the failure of claimant to sustain his claim to attached property, it is immaterial that judgment is rendered for plaintiff in attachment for the amount of his debt, instead of for the value of the property, where the debt is less than such value." Cobb v. Campbell, 14 Tex. Civ. App. 433, 38 S. W. 246.

Therefore appellant's complaint that the trial court rendered judgment against him for $500, the amount of the debt of the Construction Company against Johnson, can-

not be sustained, since it is shown that the automobile taken under his claimant's bond was of the value of $535.

What has been said sufficiently disposes of all the issues presented by this appeal.

Because of the errors pointed out the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.