NATIONAL BANK OF COMMERCE OF AMARILLO et al. v. A. WALKER BROKERAGE CO. (No. 1216.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1917. Rehearing Denied Nov. 7, 1917.)

1. GARNISHMENT ⬅➡88—AFFIDAVIT—ALLEGATION OF RESIDENCE.

In an affidavit or sworn application for a writ of garnishment, averment of title of garnishee as "National Bank of Commerce of Amarillo, Texas," is not allegation of residence of garnishee required by Vernon's Sayles' Ann. Civ. St. 1914, art. 271, subd. 2, and article 273.

2. GARNISHMENT ⬅➡89—BOND—SUFFICIENCY.

A garnishment bond required by Vernon's Sayles' Ann. Civ. St. 1914, art. 272, has performed its function when the suit in which it was filed has been dismissed, and it cannot be used in a new suit for the purpose of procuring another writ against a different garnishee.

3. GARNISHMENT ⬅➡88—BONDS—NECESSITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 271, subds. 1 and 3, arts. 272, 273, providing that a writ of garnishment cannot be issued without bond unless the affidavit or application shows that an attachment has been issued or judgment rendered, the application for the writ or the affidavit must show that attachment has been issued, if plaintiff relies thereon.

4. GARNISHMENT ⬅➡2—STATUTE—CONSTRUCTION.

Statutes authorizing writ of garnishment must be strictly construed, and a party attempting to avail himself of that remedy must strictly follow the law.

5. JUSTICES OF THE PEACE ⬅➡87(3)—GARNISHMENT—DEFENDANT—SERVICE OF PROCESS.

Service may be had in a garnishment suit under Vernon's Sayles' Ann. Civ. St. 1914, art. 2370, by service of nonresident notice issued out of the justice court.

Appeal from Potter County Court; T. W. McBride, Judge.

Garnishment proceedings by the A. Walker Brokerage Company against the National Bank of Commerce of Amarillo, in which Shawnee National Bank intervened. From judgment for plaintiff, garnishee and intervener appeal. Reversed in part.

Reeder & Dooley, of Amarillo, for appellants. Kimbrough, Underwood & Jackson and W. R. Watkins, all of Amarillo, for appellee.

HUFF, C. J. On the 20th day of July, 1916, the A. Walker Brokerage Company filed suit in the justice court against A. Morrison for $151. A. Morrison at that time resided in Oklahoma, and was cited to appear by a nonresident notice, issued out of the justice

court on the day the suit was filed and service was had on him on the 24th day of July, 1916. Thereafter judgment was rendered in that cause against Morrison on the 21st day of August, 1916. The terms for justice court commence on the third Monday of each month. At the time of filing the suit the plaintiff therein sued out a writ of garnishment against J. E. Bryant Company and the National Bank of Commerce of Amarillo, and on the 25th of July, 1916, a writ of garnishment was issued against the above-named garnishees, and was served on them the same day. On the 21st day of August, 1916, the National Bank of Commerce of Amarillo filed its motion to quash the garnishment therein, which the court sustained, and the garnishment proceedings were dismissed. Forthwith, after the dismissal thereof, the plaintiff, A. Walker & Company, on the 21st day of August, filed this proceeding against the National Bank of Commerce alone and caused a writ of garnishment to issue and to be served upon the bank on that day. The number of the original suit out of which the garnishment was issued is No. 366. The first garnishment suit against Bryant & Co. and the Bank of Commerce, which was dismissed, is No. 367, and the second garnishment proceeding, in which the Bank of Commerce was alone the garnishee, is No. 375 on the justice court docket. In the last garnishment the plaintiff, A. Walker Brokerage Company, did not file a new garnishment bond, but in lieu thereof relied on the same bond which had been filed in cause No. 367. The affidavit for garnishment, upon which this action is based, was sworn to August 21, 1916, and filed on that day in the justice court. It is stated therein A. Morrison was indebted to A. Walker Brokerage Company in the sum of $151, with 6 per cent. interest from the 1st day of August, 1915, which amount was claimed in the suit; that it "is just, due, and unpaid; that defendant had not in possession sufficient property subject to execution; * * * that he has reason to believe and does believe that the National Bank of Commerce of Amarillo, Tex., is indebted to the said defendants, and that it has in its hands effects belonging to said defendant. And he further says that the garnishment applied for is not sued out to injure either the garnishee or the defendant." The bond for garnishment is dated July 25, 1916, and was filed and approved by the justice of the peace on that day; is made payable to A. Morrison, defendant, and conditioned as required by the statute. The bank, on the 18th day of September, 1916, presented in the justice court its motion to quash the garnishment on two grounds: (1) The affidavit does not purport to recite the residence or domicile of the garnishee; (2) that the affidavit was not accompanied by the necessary bond which was a condition precedent to the legal and lawful issuance of the garnishment.

This motion was overruled in the justice court and the case proceeded to judgment upon issues presented by the garnishee and the intervener, the Shawnee National Bank, which that court rendered against the garnishee and the intervener, and from which they appealed to the county court of Potter county. On appeal to the county court the motion was again presented and a like ruling made therein by the judge thereof. The case was again tried on the issues presented by the answer of the garnishee and the petition of the intervener, and the Shawnee National Bank, and judgment there rendered against the garnishee and intervener, from which appeal is prosecuted to this court.

The first assignment presented by the garnishee is to the action of the court in overruling the motion to quash. This assignment is objected to by the appellee. We think the assignment, together with the propositions and statement thereunder, are not subject to the objections urged. The objections are therefore overruled. Clark v. Briley, 193 S. W. 426 (10).

[1] The first objection to the affidavit is that it does not state the residence or domicile of the garnishee. Whether the affidavit in stating "that National Bank of Commerce of Amarillo, Texas," is intended to allege its corporate name or its place of residence is left for inference. The answer of the appellant is by that name, and all the proceedings in the case appear to have treated that as the name of the garnishee. The case is docketed as "National Bank of Commerce of Amarillo, garnishee." It answers as "National Bank of Commerce of Amarillo, a corporation, garnishee," and judgment is rendered against it as such. Article 273, Vernon's Sayles' Civil Statutes, provides that an application shall be made before the writ of garnishment is issued, and shall state the name and residence of the garnishee. It has been expressly held a failure to state the residence of the garnishee, either in the affidavit required by subdivision 2 of article 271, or the sworn application, for the writ under article 273 is fatal to the garnishment. In the affidavit or application the residence must be sworn to, and it will make no difference whether the motion designates it the affidavit or application. Harrington v. Edrington, 38 S. W. 246. In the case of Third National Bank of Baltimore v. Teal (C. C.) 5 Fed. 503, it is said:

"The title of the plaintiff, 'The National Bank of Baltimore,' is not in itself an averment either that the plaintiff is a banking association, established in the district of Maryland, or that it is established under the law of the United States providing for national banking associations. There are other Baltimores than the one in Maryland, and there does not appear to be in the national bank act anything to prohibit an association formed in any other state from having been the first to take the title of the plaintiff, if they had seen fit, and if the comptroller of the currency had approved. The name of the bank is subject only to the approval of the comptroller of the currency, and we find noth-

ing in the act itself which would prevent an association from adopting any name which he approves of."

So we may say the averment of the title of the National Bank of Commerce of Amarillo is not an allegation that its residence or place of business is in Potter county, Tex., or in the town of Amarillo. Its residence may be shown either in the affidavit or on application for the writ, but an averment of its residence cannot be dispensed with. In this case the name of the garnishee is not distinctly averred, or its residence is not shown, and in either event the affidavit is defective.

[2] The second ground that the affidavit was not accompanied by a bond which was a condition precedent to the issuance of the writ we believe to be sound. The affidavit was the foundation for the garnishment proceedings. By it the suit is commenced in so far as the garnishee is concerned and a defect therein the garnishee may take advantage of. Bowers v. Continental Insurance Co., 65 Tex. 51. The affidavit in this case appears to have been made under subdivision No. 2, art. 271; that is, that the plaintiff sued for a debt, and that it is just, due, and unpaid, and that the defendant had no property within this state subject to execution sufficient to pay the debt, and that the garnishment applied for was not sued out to injure either the defendant or the garnishee. Article 272 provides in the case mentioned in subdivision 2 of the preceding article, the plaintiff shall execute a bond, payable to the defendant, conditioned that he will prosecute his suit to effect and pay all damages, and costs that may be adjudged against him for wrongfully suing out the garnishment. If the affidavit is the foundation of the suit against the garnishee, then there was no bond executed in that suit which was filed August 21, 1916. The bond was executed, filed, and approved on the 25th day of July, 1916, in a suit instituted against the Bryant Company and the garnishee herein jointly. This suit was dismissed; the bond had therefore performed its function when the writ was issued therein, and could not again be used in a new suit for the purpose of procuring another writ against a different garnishee and in a new suit. Jeffries v. Dancey, 44 Miss. 693. The bond herein should have amounted to a new execution by the principal and sureties therein for the new suit filed against the garnishee herein, and should have been filed in such new suit as a part thereof. In the justice court the bond shows by its file number that it was filed in No. 367, the original garnishment suit, and not in No. 375, the new suit, and the one before this court.

[3] It is urged in this court that after the judgment was rendered it would make no difference if there was no bond. The affi-

davit in this case has indorsed on it, "Affidavit and bond before judgment." Subdivisions, Nos. 1 and 3 of article 271 authorize the issuance of the writ without bond in garnishment where an attachment has been sued out or where judgment has been rendered. There was no attachment sued out in this case. The affidavit shows the defendant Morrison had no property in this state subject to execution. Therefore a writ of garnishment was applied for against the garnishee bank, who it is therein asserted was indebted to Morrison. There could have been no judgment without the garnishment. It was a suit against a nonresident, and unless there was a garnishment the court had no jurisdiction over the person of Morrison, and it therefore required the proceeding to give jurisdiction to render a judgment in rem. However this may be, article 273 requires the application for the writ to show the facts authorizing its issuance, and that the law has been complied with. If an attachment had been issued or judgment rendered, that fact must be shown by the application for the writ or in the affidavit. Scurlock v. Railway Co., 77 Tex. 478, 14 S. W. 148; Sullivan v. King, 80 S. W. 1048.

[4] It is the rule in this state that statutes authorizing the writ of garnishment must be strictly construed, and a party attempting to avail himself of the remedy must strictly follow the law. Jemison v. Scarborough, 56 Tex. 360. The appellant has not followed the law with reference to garnishments as above pointed out, and the proceeding therefor must fall. The appellant's assignment with reference thereto will be sustained.

[5] The appellant bank also made a motion to stay further proceeding, except it be to dismiss the suit until valid service or process was had upon defendant A. Morrison in the main action. It appears to be appellant's contention that service could not be had by the issuance or service of nonresidence notice, issued out of the justice court. In this appellant is in error. Article 2370, Vernon's Sayles' Civil Statutes. This article, as it stood under the preceding Revised Statutes, was amended by Acts 1909, p. 89, and as amended is carried forward as article 2370. This amendment is subsequent to the case of Carpenter v. Anderson, 33 Tex. Civ. App. 491, 77 S. W. 293.

The view we take of the assignment of the National Bank of Commerce of Amarillo will render it unnecessary to consider the assignments made by the Shawnee National Bank, the intervener. The garnishment proceeding will therefore be abated, and the suit dismissed by this court, and the judgment of the court below to that extent will be reversed and rendered, taxing the costs of this appeal and the court below in the garnishment proceeding against appellee.