SCURLOCK & RUTLEDGE v. GULF, COLORADO & SANTA FE
RAILWAY COMPANY.

No. 6630.

1.   **Garnishment, Requisites of Application for.**—An application for the writ of garnishment must show that the fact authorizing the writ exists, and that the law has been fully complied with.

2.   **Same—Case in Judgment.**—Suit on promissory notes with regular attachment proceedings.   Subsequently, and before judgment, plaintiffs applied for and obtained a writ of garnishment, making oath that the garnishee was indebted to one of the defendants, but failing to state in the application that the attachment had been issued or any other ground upon which by law the writ of garnishment could issue.   *Held,* that the writ was properly quashed

3.   **Same—Statutes Construed.**—Articles 183 and 185, Revised Statutes, prescribe that the application for garnishment must state the fact or facts authorizing the issuance of the writ of garnishment, and the additional fact of the indebtedness of the

garnishee or belief of such indebtedness.   It is not sufficient that the record in the case may show such facts.

APPEAL from Johnson.   Tried below before Hon. J. M. Hall.

On October 25, 1885, appellants Scurlock & Rutledge sued in the District Court of Johnson County, Texas, one Doggett and Neely on four promissory notes, aggregating, principal and interest, $1046.76, and $104.67 attorney fees.   And on said day the plaintiffs in said suit made an affidavit for an original attachment, and executed an attachment bond complying in every respect with the law governing attachments, and on said day procured the issuance of a writ of attachment.   On the 22d day of March, 1887, appellants made an affidavit and application for a writ of garnishment out of and from said cause and court against the Gulf, Colorado & Santa Fe Railway Company, which writ was by the clerk of said District Court legally issued, and was on said day served on said railway company.   On the 15th of April, 1887, the defendants in the case of Scurlock & Rutledge v. Doggett and Neely filed their original answer, and on same day filed a motion to quash the garnishment proceedings.   On the 14th of April, 1887, the garnishee, the Gulf, Colorado & Santa Fe Railway Company, filed its answer to the writ of garnishment issued out of said case and served upon it as stated above, wherein it answers that it was indebted to the defendant J. E. Neely in the sum of $751.40, and that sum had been transferred on its books by its road master to one J. M. Milam, and that said Neely had executed to the Fort Worth Grocery Company an order for $307, and to J. M. Milam an order for $205, and to Craig an order for $142, etc.   Appellants filed their traverse of said answer of garnishee, stating that said orders, etc., were made after the service of the writ of garnishment.   On the 15th day of April, 1887, the said J. M. Milam, the Fort Worth Grocery Company, and J. P. Craig were by the order of the District Court of Johnson County permitted to intervene in this case and set up their claims to said sums due by the garnishee to said J. E. Neely.   On the 21st of April, 1887, appellants, after having obtained leave of the court, filed their amended application for garnishment, making their former application fuller and more explicit.   April 20, 1887, judgment was rendered for plaintiffs in the original suit for their debt, interest, and cost.   On the 25th of April, 1887, garnishee Neely's motion to quash the garnishment was sustained and the same was dismissed, and judgment followed against plaintiffs, from which this appeal is taken.

The assignments of error are that the court erred in sustaining the motion and in holding that the application for garnishment could not be amended.

The original application was as follows:

"*Scurlock & Rutledge v. T. J. Doggett and J. E. Neely.—In District Court Johnson County, Texas.*   Now comes T. A. Scurlock, who being

by me duly sworn, says that he is a member of the firm of Scurlock & Rutledge, and is one of the plaintiffs in this case and is duly authorized and empowered to make this affidavit. Affiant further says that he has reason to believe and does believe that the Gulf, Colorado & Santa Fe Railway Company, a body corporate legally incorporated under the laws of the State of Texas, having its principal office in the city and county of Galveston and State of Texas, is indebted to J. E. Neely, defendant in above entitled suit, wherein Scurlock & Rutledge are plaintiffs and T. J. Doggett and J. E. Neely are defendants, No. 1893, pending in the District Court of Johnson County, Texas. And affiant further says that the said Gulf, Colorado & Santa Fe Railway Company has an agent and station master in Johnson County, to-wit, one C. C. Campbell, who is such a person as can be legally served with process of garnishment against the said Gulf, Colorado & Santa Fe Railway Company; wherefore plaintiffs ask that the writ of garnishment issue in this case and that they make this application for same, and that the said Gulf, Colorado & Santa Fe Railway Company be caused to answer this application according to law and as in duty bound, etc.

"T. A. SCURLOCK.

"Sworn to and subscribed before me this 22d March, A.'D. 1887.

"PHIL. T. ALLEN,

"Clerk District Court Johnson County, Texas.

"By PERRY TOWERS, Deputy."

The amended application alleged the additional fact of the attachment proceedings.

The garnishment proceedings were dismissed upon the ground that the original affidavit did not show that an attachment had been issued against the original defendants and that it was not amendable. This statement accompanied the opinion.

*Poindexter & Padelford,* for appellants.—The court erred in sustaining the motion to quash and dismiss plaintiffs' proceedings in garnishment, and in holding that plaintiffs' original application for garnishment should have alleged that an original attachment had issued when the records of the case showed said fact. Rev. Stats., arts. 183, 185; Pasch. Dig., arts. 157, 3785; Pasch. Dig., art. 6875mm; Rev. Stats., p. 718, sec. 3; Russell v. Farquhar, 55 Texas, 356.

*Bledsoe, Patton & Brown,* for appellees Neely and Doggett; *Crane & Ramsey,* for appellees J. M. Milam and J. P. Craig; and *Drew Pruitt,* for the Fort Worth Grocery Company.—1. Before the issuance of a writ of garnishment the plaintiff must make an application therefor in writing, signed and sworn to by him, stating the facts which authorize the issuance of said writ. Rev. Stats., art. 185; Bowers v. Ins. Co., 65 Texas, 52; Evans v. Tucker, 59 Texas, 249; Wade on Att., secs. 64, 356.

2.   The application required by statute must be sufficient on its face, and can not be aided by reference to the papers in the original case from which the garnishment proceedings originated.   Nor can anything be supplied by presumption.   Willis v. Lyman, 22 Texas, 268; W. & W. Con. Rep., sec. 1312.

3.   Garnishment is a species of attachment and is governed by the same rules of construction.   An affidavit made and an attachment issued in April, 1885, would not authorize the issuance of a writ of garnishment in March, 1887, based on said attachment proceedings.   The return day of the attachment writ having passed, it has lost its validity and does not authorize the issuance of any further ancillary proceedings.   Rev. Stats., art. 160; Campbell v. Wilson, 6 Texas, 379; Wade on Att., secs. 325, 336, 359.

COLLARD, Judge.—On October 25, 1885, Scurlock & Rutledge sued one Doggett and one Neely on four promissory notes, aggregating, principal and interest, $1046.76, and $104.67 attorney fees, and on the same day sued out an original attachment.

Before judgment in the original suit, on the 22d of March, 1887, they applied for and obtained a writ of garnishment against the Gulf, Colorado & Santa Fe Railway Company, making oath that the defendant company was indebted to J. E. Neely, but failing to state in the application that the attachment had been issued or any other ground upon which by law the writ of garnishment could issue.   On motion the court below quashed the garnishment proceedings because it was not stated in the affidavit therefor that the attachment had been sued out.   The question to be decided is, was the ruling correct?

It has always been held that the statute authorizing the writ of garnishment must be strictly construed, and that a party attempting to avail himself of the remedy must strictly follow the law.   Jemison v. Scarborough, 56 Texas, 360; Willis v. Lyman, 22 Texas, 269.

Our statute authorizes the issuance of a writ of garnishment in the following cases:

"1.   Where an original attachment has been issued.

"2.   Where the plaintiff sues for a debt and makes affidavit that such debt is just, due, and unpaid, and that the defendant has not within his knowledge property in his possession within this State subject to execution sufficient to satisfy such debt, and that the garnishment applied for is not sued out to injure either the defendant or the garnishee.

"3.   Where the plaintiff has a judgment and makes affidavit that the defendant has not within his knowledge property in his possession within this State subject to execution sufficient to satisfy such judgment."   Rev. Stats., art. 183.

In article 185 of the same act it is provided that "before the issuance

of the writ of garnishment the plaintiff shall make application therefor in writing, under oath signed by him, stating the facts authorizing the issuance of the writ and that the plaintiff has reason to believe and does believe that the garnishee, stating his name and residence, is indebted to the defendant," etc.

Under these articles, what must the application for the writ contain? Besides being under oath and in writing, it must state, if it is based upon the fact that an attachment has issued, that fact; if based upon the fact that the affidavit required in subdivison 2 of article 183 has been made, it must state that such affidavit has been made, and the same if subdivision 3 is relied on; and in addition to this it must state the necessary fact of indebtedness of the garnishee as required in article 185. In other words, the application must show that the fact authorizing the writ exists, and that the law has been fully complied with.

The fact that the attachment is a part of the record and will show for itself is no answer to the positive demand of the statute. It is sufficient to say that the law requires the application to state the fact or facts authorizing the issuance of the writ *and* the additional fact of the indebtedness of the garnishee or the belief of such indebtedness. Neither is it of any consequence that former laws did not require such statements under oath. It is the law now, and it must be complied with before a garnishment can legally issue.

We conclude the judgment of the court below quashing the garnishment proceedings is correct and should be affirmed.

*Affirmed.*

Adopted May 27, 1890.