Smith Brothers v. Wallis, Landes & Co.

Delivered March 24, 1898.

1.  Garnishment—Names of Firm in Application.

An application for a writ of garnishment which sets out the name of a mercantile firm without giving the names of the persons of which it is composed, is not a compliance with article 219, Revised Statutes, requiring the name of the garnishee to be stated.

2.  Same—Amendment.

A writ of garnishment will be quashed where the application fails to set out the name and residence of the garnishee, and such failure can not be cured by amendment.

Appeal from Brazoria.   Tried below before Hon. T. S. Reese.

*T. J. & R. C. Duff*, for appellants.

*Minor & Hawkins*, for appellees.

GARRETT, Chief Justice.—The appeal in this case was from a judgment of the court below quashing a writ of garnishment sued out by the appellants, Smith Bros., against Wallis, Landes & Co. upon a judgment in favor of the appellants against Carey Hawkins and Creacy Hawkins.   The application for the writ alleged "that plaintiffs and deponent have reason to believe, and do believe, that Wallis, Landes & Co., a mercantile firm, residing and doing business in the city of Galveston, State of Texas, are indebted to the defendants, and that they have in their hands effects belonging to the defendants; wherefore plaintiffs pray for writs of garnishment to issue against the said Wallis, Landes & Co., and for further proceedings thereon, as in like cases provided by law."

A writ of garnishment was issued which recited that the plaintiffs "have applied for writs of garnishment against Wallis, Landes & Co., a mercantile firm, residents of the city of Galveston, in the county of Galveston, in the State of Texas;" and commanded that Wallis, Landes and Co. be summoned to appear, etc.   Copies of the writ of garnishment were served on J. E. Wallis and H. A. Landes.   Joseph E. Wallis, Henry A. Landes, and Charles L. Wallis answered the writ as partners in trade under the firm name of Wallis, Landes & Co., and pleaded that neither of the writs showed either any application by the plaintiff for a writ of garnishment against the individuals composing the firm of Wallis, Landes & Co., or any command to summon the individuals composing said firm, and further alleged that they were advised and informed that the garnishment suit was not properly brought against the firm of Wallis, Landes & Co., and of this they prayed judgment of the court.   They then answered as to the indebtedness, etc., and concluded with a prayer that the firm of Wallis, Landes & Co. and the individual members thereof might be discharged with their costs, etc., and for such relief as might

fully protect them in the premises. With leave of the court the plain-
tiffs filed a trial amendment to the original affidavit for garnishment,
in which they alleged that the firm of Wallis, Landes & Co. was a mer-
cantile firm composed of Joseph E. Wallis, Henry A. Landes, and Charles
L. Wallis, etc. The court below sustained the motion to quash and dis-
charged the garnishees. The statute requires the application for gar-
nishment to set out the name and residence of the garnishee. Sayles'
Ann. Stats., art. 219. This the application failed to do, and was prop-
erly quashed. Setting out the name of a mercantile firm without giving
the names of the persons who compose the firm, is not a compliance with
the statute that requires the name of the garnishee to be stated. The
affidavit could not be amended. Marx v. Abramson, 53 Texas, 264.
Affirmed.

*Affirmed.*