EUBANKS v. SITES et al.

(Court of Civil Appeals of Texas. Austin. April 17, 1912.)

1. JUSTICES OF THE PEACE (§ 129*)—RIGHTS AS TO COSURETY—CONTRIBUTION — ATTACKING JUDGMENT.

Where a surety on a note failed to interpose any defense to an action thereon before a justice, he may not, in an action by a cosurety, who paid the judgment, for contribution, collaterally attack the judgment by pleading fraud and misrepresentation as an inducement to his signature, and a forged indorsement.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 408–411; Dec. Dig. § 129.*]

2. PRINCIPAL AND SURETY (§ 197*)—RIGHTS AS TO COSURETY—CONTRIBUTION — ATTACKING JUDGMENT.

A judgment against two joint debtors prevents either, in a suit with the other, from denying the existence and obligation of the debt, though he may prove that the entire burden should be borne by the other, so that, in an action to compel contribution by a surety who paid the amount of a judgment against his cosurety, a defense which sets up fraud in obtaining the defendant's signature and a forged indorsement is insufficient, where it does not allege that the plaintiff was a party to the fraud or forgery, or acquiesced therein.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 632, 632½; Dec. Dig. § 197.*]

---

**3. Principal and Surety (§ 194\*)—Rights as to Cosurety—Contribution — Attacking Judgment.**

Under Rev. St. 1895, art. 3813, which provides that, in a suit against two or more defendants on any contract, any one or more of the defendants may cause the question of suretyship to be tried and determined, and article 3815, which provides that, though a surety shall pay a judgment, or a part of it, the judgment shall remain in force for his use, and shall be considered as assigned to him, together with a right to execution thereon as in other cases, a surety who has paid a judgment is not precluded from thereafter seeking contribution against a cosurety of his proportionate part in an action of implied assumpsit.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 605–623; Dec. Dig. § 194.\*]

Error to Runnels County Court; R. S. Griggs, Judge.

Action by J. T. Sites and others against W. J. Eubanks. From a judgment for plaintiffs, defendant brings error. Affirmed.

H. W. Bigler and W. D. Jennings, both of Miles, for plaintiff in error. Hill, Lee & Hill, of San Angelo, for defendants in error.

RICE, J. On the 2d of March, 1909, J. T. Heald, T. R. Heald, J. T. Sites, and W. J. Eubanks made, executed, and delivered their promissory note for the sum of $169.11, payable to the order of G. W. Savage, on or before October 1, 1909, providing for the payment of interest and attorney's fees. This note was subsequently indorsed by the payee, Savage, to W. B. Gibson, who thereafter instituted suit and recovered judgment thereon in a justice's court of Tom Green county against all of the parties thereto as joint obligors thereon; no question of suretyship being raised or determined therein. Thereafter execution was issued thereon and levied upon the property of defendant in error Sites, who paid off the judgment, amounting to $210, to relieve his property from sale, and brought this suit against plaintiff in error for contribution for one-half the amount of said judgment, to wit, the sum of $105, with interest and costs of suit, alleging that he was cosurety with W. J. Eubanks and T. R. Heald on said note, and that both the Healds were insolvent, and were so at the date of said judgment.

To this action Eubanks, after a general demurrer, special exceptions, and general denial, pleaded, first, that he was induced to sign the note sued upon through the fraud and misrepresentation of T. R. Heald, the principal therein; and, second, that Gibson was not entitled to bring suit thereon, because he had surreptitiously obtained possession of said note, and forged the indorsement thereon from Savage to himself, and also pleaded non est factum. Defendant in error excepted to said answer, first, on the ground that the same was a collateral attack upon said justice court judgment; second, that plaintiff in error, having been made

a party defendant to said suit, and having permitted judgment by default to go against him, he was estopped thereby from asserting the invalidity thereof. The court sustained said last exceptions, and the plaintiff in error having declined to amend, a jury being waived, the case was tried on the remaining issues, and judgment rendered in behalf of defendant in error, from which plaintiff in error has prosecuted this writ of error, challenging by several assignments the correctness of said ruling of the court in sustaining said demurrer to his answer, on the ground that, notwithstanding he failed to urge these defenses in the original suit on the note, he was not precluded from doing so now, as the question of suretyship was not raised or determined therein, since, as he contended, this suit was upon the satisfied judgment, instead of for contribution on an implied assumpsit. Therefore this was not a collateral attack upon such judgment.

[1] Defendant in error, however, asserts that since plaintiff in error was a party to the suit in the justice's court in Tom Green county, in which judgment by default was rendered against him and the other obligors as joint debtors on said note, said judgment was conclusive on the question of his liability on said note, and could not be collaterally attacked by him, as he had undertaken to do, citing in support of such contention Freeman on Judgments (3d Ed.) pp. 171 and 200; 32 Cyc. p. 301; Dent v. Kinney, 1 Ga. 200, 44 Am. Dec. 638; Waller v. Campbell, 25 Ala. 544; Rochelle v. Bowers, 9 La. 528. It is clear that, if the defense relied upon to defeat the present suit had been presented and supported by proof in the original case, the defendant might have been discharged from liability to the plaintiff in said suit, but that was an issue for determination in that case; and having failed to raise this issue in the original suit, we think he is concluded from doing so now, notwithstanding the fact that the question of suretyship was not raised nor determined therein. The only issue left open between himself and the defendant in error was that of suretyship, which was passed on and determined against him in the *present case.* This was not a suit upon the Tom Green county judgment; but, having paid it, defendant in error brought this action against plaintiff in error for contribution, based solely on the ground that he was a cosurety with him upon said note. This was the only issue for determination in this case, and the court properly sustained said exceptions, setting up plaintiff in error's defenses against said note, because the same was a collateral attack upon said judgment, which was in no way involved in the question for adjudication.

[2] Besides this, it is not even now contended that defendant in error was a party to said fraud in obtaining his signature to

said note, nor is it claimed that he had any knowledge of or acquiesced in said alleged forged indorsement thereon. Freeman, in his work on Judgments, supra (page 171), says: "If A. recovers judgment against B. and C. upon a contract, which judgment is paid by B., the liability of C. to B. in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit. As between the several defendants therein the joint judgment established nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire debt, or what proportion each should pay, in case each was partly liable, is still unadjudicated. *But a judgment against two joint debtors prevents either, in a suit with the other, from denying* the existence and obligation of the debt, though he may still prove, by any competent evidence in his power, that the *whole* burden of the obligation should be borne by the other." And again, on page 200, the same author says: "A judgment against a surety, obtained without fraud or collusion, in an action of which the principal or any cosurety had notice, is conclusive in favor of the surety in an action against the principal or the cosurety for contribution." The same doctrine is laid down in 32 Cyc. p. 301.

[3] While it is true that articles 3813 and 3815, Rev. St., prescribe a procedure for the determination of the question of suretyship, still they do not preclude a cosurety, who has paid off a judgment, from bringing his action of contribution against his cosurety for his proportionate part in an action of implied assumpsit; and since in the present case the record discloses that this issue was presented and determined against plaintiff in error's contention in this respect, we overrule his sixth assignment, asserting the contrary. We have carefully examined each of the cases cited by plaintiff in error in support of his contention, but do not regard them as applicable. Tarlton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534, the first case cited by him, does not hold anything which would contravene the right of a plaintiff to maintain a suit for contribution, since the holding there went merely to the extent of declaring that, as the question of suretyship was not raised on the trial, the surety who paid off the judgment could not have the benefit of the provisions of articles 3813 and 3815, R. S., authorizing the issuance of execution in the name of plaintiff for his benefit on the judgment, but expressly held that his remedy would be against his cosurety on the implied assumpsit, and not on the judgment, which was extinguished by the payment. In National Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028, another of the cases cited by plaintiff in error, the principal was not sued, for which reason the Supreme Court said, first, that it did not see how the question of suretyship could have been raised; second, the judgment having been paid, no execution could have been issued thereon.

Each of the remaining assignments have been duly considered, but are regarded as without merit, for which reason they are overruled.

Finding no error in the judgment of the trial court, the same is affirmed.

Affirmed.