## BARKER v. SECURITY STATE BANK OF BOWIE. (No. 10061.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 18, 1922. Rehearing Denied Jan. 6, 1923.)

1. **Garnishment** ⊜88—Affidavit held fatally defective for failure to name all defendants.

An affidavit issued pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 271, which named as defendants in the original suit "A. M. G. —— et al.," held fatally defective for failure to name all the defendants, since it is not required that the pleadings in the original suit be served upon the garnishee, nor is he required to resort to the original pleadings or citations to ascertain the names of all defendants, and, in the absence of such information, he would be unable to answer as required by articles 274 and 276.

2. **Garnishment** ⊜2, 87—Garnishment proceedings strictly construed; affidavit not aided by record.

Garnishment proceedings, being summary in nature like attachment, are strictly construed, and the affidavit cannot be aided by the record.

**3. Garnishment ☞88—Affidavit held fatally defective for failure to state whether garnishee was corporation or partnership.**

Failure of an affidavit to specify whether a bank garnishee was a corporation, a partnership, or an association of persons, giving the names of those composing such partnership or association, as required by Rev. St., art. 273, *held* fatally defective.

Appeal from Clay County Court; R. Loftin, Judge.

Action by W. M. Barker against the Security State Bank of Bowie, as garnishee in an action against A. M. Gibbs and others. From a judgment of the county court quashing the garnishment affidavit, plaintiff appeals. Affirmed.

Benson & Benson, of Bowie, for appellant.
Donald & Donald, of Bowie, for appellee.

CONNER, C. J. The appellant, W. M. Barker, instituted this suit against the appellee, the Security State Bank of Bowie, as garnishee. That suit was instituted in the justice court. The result of a trial in that court was in favor of the garnishee, and appellant, Barker, appealed to the county court, where the case was dismissed upon appellee's motion to quash the affidavit upon which the garnishment proceedings were based, and he has appealed to this court.

[1] The affidavit in garnishment reads as follows:

"W. M. Barker, Plaintiff, v. A. M. Gibbs et al., Defendants. No. 35.

"In the Justice Court, Precinct No. 6, Clay County, Texas.

"And now comes W. M. Barker and, upon oath, says that he is plaintiff in the above-entitled cause and makes application for a writ of garnishment against the Security State Bank of Bowie; and affiant further says that suit has been instituted for debt against A. M. Gibbs et al., defendants in the justice court of precinct No. 6, of Clay county, Texas, to recover the sum of one hundred sixty-three and $35/100$ ($163.35) dollars; that said debt is just, due and unpaid, and that the defendants have not within affiant's knowledge, property within their possession within this state, subject to execution, sufficient to satisfy said debt; that he has reason to believe, and does believe, that the Security State Bank of Bowie, who resides in Montague county, in the state of Texas, is indebted to the said defendants or has in its hands effects belonging to said defendants. And he further says that the garnishment applied for is not sued out to injure either the garnishee or the said defendants.

"W. M. Barker.

"Subscribed and sworn to before me this 31st day of May, A. D. 1921.

"J. P. Welch,
"Justice of the Peace, Precinct No. 6,
"Clay Co., Texas."

The affidavit was attacked upon two grounds: First, that it failed to give the names of all the defendants in the original suit instituted by Barker to recover his debt; and, second, that said affidavit fails to state whether "the Security State Bank of Bowie" is a corporation, a partnership, or an association of persons, giving the names of those composing such partnership or association. Rev. Stats. art. 273. We are of the opinion that both objections to the affidavit were well taken. Article 271, V. S. Tex. Civ. Stats., so far as applicable, reads:

"The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases:

*          *          *          *          *          *

"2. Where the plaintiff sues for debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this State, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee."

When properly served, the garnishee is required—

"to answer upon oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served, and what other persons, if any, within his knowledge, are indebted to the defendant or have effects belonging to him in their possession." V. S. Tex. Civ. Statutes, art. 274.

Such is the command of the writ. See Rev. Statutes, art. 276.

[2] How, then, could the garnishee in this case, fully answer the writ served upon him when the name of one defendant only was stated? Nothing in the statutes required service upon him of the pleadings of the plaintiff in the original suit, nor is he required to resort to the original pleadings, if any, or to the citations against the original defendants, if any, in order to ascertain the names of all of the defendants, and thus be enabled to fully answer the writ. On the contrary, the distinct holdings of our cases are to the effect that garnishment is merely a species of attachment, a summary proceeding, and, like attachment proceedings, to be strictly construed, and the affidavit in garnishment cannot be aided by the record. See Scurlock & Rutledge v. G. C. & S. F. Ry. Co., 77 Tex. 478, 14 S. W. 148; Willis v. Lyman, 22 Tex. 268. In the case last cited, the court, among other things, stated the following:

"There can be no good reason why the same strictness should not be required in respect to garnishments, as in other cases of attachment; for garnishments are but a species of attachment. The writ of garnishment brings

into court strangers to the judgment, or to the original suit, as the case may be, and subjects them to much inconvenience and hazard. It often happens, or to say the least, it sometimes happens, that garnishees are obliged to pay twice, because the court is not informed of all the facts in the particular case. For these reasons, proceedings against garnishees ought not to be sustained, unless they are in strict conformity with the requirements of the law."

In the case of Buerger v. Wells, 110 Tex. 566, 222 S. W. 151, our Supreme Court, in an opinion by Chief Justice Phillips, held that the plaintiff, in a suit for debt against more than one defendant, cannot call a stranger into court on a writ of garnishment, subjecting such stranger to inconvenience of proceeding, and possible hazard, if either defendant has property in the state subject to execution. The affidavit, therefore, in a case where there is more than one defendant sued for a debt, should distinctly name each defendant, and that neither, nor all, within the affiant's knowledge, have property in his or their possession within this state subject to execution sufficient to satisfy the plaintiff's debt. We conclude, therefore, as before stated, the objection first stated to the affidavit in garnishment is well taken.

[3] What we have said in disposing of the first objection, also applies, in part at least, we think to the second. In the case of Bank v. Simonton, 2 Tex. 531, where the suit was brought in the name of "the president and directors of the Bank of the State of Alabama," (a foreign corporation) upon a note set out in the petition which contained no allegation that the plaintiffs were a corporation, and no allegation whatever respecting the capacity or character in which they sued, it was held that the petition was subject to special demurrer in this respect. And our Supreme Court later held, in the case of Holloway v. Memphis, E. P. & P. R. R. Co., 23 Tex. 465, 76 Am. Dec. 68, that in principle, what was stated in the Simonton Case, applied as well to domestic corporations created by private act of which the court could not take judicial notice. See, also, G. H. & S. A. Ry. Co. v. Smith, 81 Tex. 479, 17 S. W. 133.

In Smith v. Wallis, 18 Tex. Civ. App. 402, 45 S. W. 820, it was held that an affidavit for garnishment setting out the name of a mercantile firm without giving the names of the persons who composed it, was insufficient. In Underwood v. First National Bank (Tex. Civ. App.) 62 S. W. 943, it was held that an affidavit in a justice court, for a writ of garnishment against a corporation, which did not allege that such garnishee was a corporation, was fatally defective.

The case of Modern Dairy & Creamery Co. v. Blanke & Hauk Supply Co. (Tex. Civ. App.) 116 S. W. 154, cited by appellee in opposition to the decision in the case of Underwood v. First National Bank, supra, is distinguishable, we think. The opinion in the two cases were written by the same able judge, and it is not only altogether improbable that in writing the opinion in the case of Modern Dairy & Creamery Co. v. Blanke & Hauk, supra, he overlooked his opinion in the case of Underwood v. Bank, supra, but the latter case is cited with evident approval in the former. In the two cases there is no necessary conflict. In the one, the writ of garnishment was sued out against a corporation, not alleged to be a corporation, and it was, as stated, held that the affidavit was defective. In the other, the defendant in the original suit was a corporation, and the garnishee was an individual, distinctly named in the affidavit for the writ, and it was held that nothing in the articles of the state prescribing the requisites of an affidavit for garnishment, required the statement that the defendant in the original suit was a corporation.

As will be readily seen by an examination of our statutes, regulations relating to the service of writs, against whom judgment shall be rendered, etc., do not apply alike, in numerous particulars, to partnership firms, associations, and corporations.

We therefore, think, for the reasons stated, that the affidavit for garnishment under consideration is fatally defective, in that it failed to state whether the Security State Bank of Bowie was a corporation, association, or partnership.

The judgment below is accordingly affirmed.