## BURNS v. MARTIN. (No. 2784.)

(Court of Civil Appeals of Texas. Texarkana. June 14, 1923.)

**1. Garnishment �köö88 — Application stating merely name and residence of corporate garnishee held sufficient.**

An application for a writ of garnishment, stating simply the name and residence of a corporate garnishee, is sufficient to reach defendant's money, credit, or property, though it does not state that garnishee is an incorporated or joint-stock company; such requirement (Rev. St.,.art. 273), being applicable, in view of articles 274–276, only where plaintiff ·attempts to reach a stockholder's shares, or his interest therein.

**2. Garnishment ⊛ö88 — Garnishment proceedings in surety's action against cosurety for contribution held not invalid because of insufficient averment of amount of defendant's ·indebtedness.**

Garnishment proceedings in an action by a surety on a note against a cosurety, under Rev. St. art. 6334, for defendant's proportionate ·part of a judgment against the principal which plaintiff paid, *held* not invalid because of an insufficient averment of the precise amount of defendant's indebtedness to plaintiff; the amount payable being fixed by article 6333.

**3. Principal and surety ⊛ö194(1)—Surety paying judgment may enforce contribution against cosurety.**

A surety who has paid a judgment against his principal is entitled, under Rev. St. art. 6334, to enforce contribution against a cosurety, of his proportionate part.

Appeal from District Court, Franklin County; W. R. Irby, Judge.

Action by J. B. Burns against W. D. Martin. From a judgment dismissing garnishment proceedings, plaintiff appeals. Reversed and remanded.

J. C. Campbell sued and obtained a personal judgment against A. J. Goswick as principal and W. D. Martin and J. B. Burns as sureties on a promissory note. After the rendition of the judgment in April, 1915, J. B. Burns, one of the sureties, paid the plaintiff J. C. Campbell the full amount of the judgment. Shortly afterwards A. J. Goswick paid $350 to J. B. Burns as a credit on the amount of the judgment paid by him, leaving $357.20 of the principal unpaid. On October 3, 1917, J. B. Burns made affidavit for writ of garnishment, stating therein, after omitting formal parts:

"That there remains due on said judgment the sum of $357.20, for which the said A. J. Goswick and W. D. Martin are indebted to this affiant; that said defendants, nor neither of them, have not within the knowledge of the affiant property in their possession within this state subject to execution sufficient to satisfy the amount of such judgment; affiant has reasons to believe and does believe that the Merchants' & Planters' National Bank of Mt. Vernon, Tex., which resides in Franklin county, Tex., has in its hands effects belonging to the said W. D. Martin. Wherefore he prays for a writ of garnishment to issue to the said Merchants' & Planters' National Bank of Mt. Vernon, Tex." ,

The defendant, W. D. Martin, made a motion to quash the affidavit because it fails to state the Merchants' & Planters' National Bank of Mt. Vernon, Tex., is a corporation or a joint-stock company or a copartnership or an individual, and because it failed to state the amount of indebtedness that is due, if anything, J. B. Burns by W. D. Martin.

The court sustained the motion to quash the affidavit, and the appeal is from a judgment dismissing the garnishment proceedings.

L. W. Davidson,. of Sulphur Springs, for appellant.

B. O. Shurtleff and B. F. Caudle, both of Mt. ·Vernon, for appellee.

LEVY, J. ·(after stating the facts as above). [1] An application for a writ of garnishment stating simply the "name and residence" of the garnishee is a sufficient compliance with the terms of the statute to reach the money or credit or property of the defendant. Article 273, R. S. The article does not require the application to contain the words "incorporated" or "duly incorporated." That part of article 273 which requires the application for a writ of garnishment to state that "the garnishee is an incorporated or joint-stock company" is applicable and need only be alleged where the creditor attempts to reach the shares, or an interest therein, of a stockholder in a corporation or joint-stock company. It is plainly so provided by the further provisions of the statute prescribing the requisites and

---

⊛ööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

form of the writ of garnishment to be served upon the garnishee. By article 274, R. S., the clerk or the justice, as the case may be, is required to—

"issue a writ of garnishment, directed to the sheriff or any constable of the county where the garnishee is alleged to reside or be, commanding him forthwith to summon the garnishee to appear before the court out of which the same is issued, * * * to answer upon oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served, and what other persons, if any, within his knowledge, are indebted to the defendant or have effects belonging to him in their possession."

By article 275, R. S., the requisites, when the writ is against an incorporated or joint-stock company to subject shares of stock to garnishment, are:

"Where it appears from the plaintiff's affidavit that the garnishee is an incorporated or joint-stock company, in which the defendant is the owner of shares, or is interested therein, the writ of garnishment shall further require the garnishee to answer upon oath what number of shares, if any, the defendant owns in such company, or owned when such writ was served, and what interest, if any, he has in such company, or had when such writ was served."

The form of the writ as prescribed by article 276 contains the following direction:

"(And if the garnishee be an incorporated or joint-stock company, in which the defendant is alleged to be the owner of shares or interested therein, then the writ shall proceed: And further to answer what number of shares, if any, the said C. D. [defendant] owns in such company, and owned when such writ was served.)"

These express provisions of the statute could have no other purpose than to authorize and permit the creditor, as he might elect to do in the given case, to proceed to obtain garnishment against the money or credits or property, and the shares of stock of the debtor, or against his money or credits or property, or against his shares of stock. It is concluded, therefore, that the garnishment proceedings were valid to the extent of the allegations, and that they should not have been quashed and dismissed. In this ruling we are not unmindful of the cases of Underwood v. Bank (Tex. Civ. App.) 62 S. W. 943, and Barker v. Bank (Tex. Civ. App.) 248 S. W. 479.

[2, 3] The application states that "$357.20" remains unpaid on the judgment. This is not strictly an averment of the precise amount in which "the defendant" in this case is indebted to the plaintiff in the writ. The proceedings, however, are not invalid on that account. Both the plaintiff and the defendant in the writ are sureties, and liable as such only. A surety who has paid a judgment, as here, may enforce a contribution against a cosurety of his proportionate part. Article 6334, R. S.; Eubanks v. Sites (Tex. Civ. App.) 146 S. W. 952. The law would sufficiently fix the amount the defendant surety should pay. Article 6333, R. S.

The judgment is reversed, and the cause remanded.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes