**LUSE et al. v. FORT WORTH ELECTRIC & MOTOR CAR CO. et al.**

(No. 7130.)

(Court of Civil Appeals of Texas. San Antonio. April 16, 1924.)

**1. Garnishment 〜87—Failure of application to state character of garnishor held fatal.**

Application in garnishment was fatally defective, where it could not be determined therefrom whether garnisher was a corporation, a joint-stock association, an individual, or a partnership.

**2. Garnishment 〜1, 2—Statutes authorizing garnishment strictly construed, and must be strictly pursued.**

Garnishment being a harsh remedy, statutes authorizing its issuance are always strictly construed, and must be strictly pursued by those invoking it.

**3. Garnishment 〜87—Pleading 〜46—Application or pleading must describe both parties so as to disclose their character.**

An application for garnishment, or any other pleading seeking affirmative relief, must describe both parties so as to clearly disclose whether parties are corporations, individuals,

or partnerships, and, if the latter, names of partners must be stated.

**4. Garnishment 〜87—Original application of garnishment cannot be amended.**

A defect in an application for garnishment could not be cured by "supplemental petition and application for garnishment," since original application must stand or fall by its own averments, and cannot be amended.

**5. Garnishment 〜87 — Application cannot be aided by reference to record in original suit.**

Application for garnishment cannot be aided by reference to the record in the suit to which the garnishment proceeding is ancillary.

**6. Garnishment 〜87—Debtor held not to waive defects of garnishment by replevying funds.**

A debtor did not waive defects in garnishment proceedings by replevying impounded funds, under Rev. St. art. 279.

**7. Appeal and error 〜1177(2) — Judgment rendered for appellant where error complained of is fundamental and irremediable.**

Where the matters complained of by appellant are fundamental, and cannot be remedied by another trial, judgment will be rendered for appellant.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by the Fort Worth Electric & Motor Car Company and others against A. F. Luse, in which the Continental National Bank of Fort Worth was garnisheed. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Bradley, Braly & Bradley, of Fort Worth, for appellants.

R. K. Hanger and Phillips, Brown & Morris, all of Fort Worth, for appellees.

SMITH, J. The Fort Worth Electric & Motor Car Company is a trade-name used by G. C. Tippins and W. L. Corn, who were partners. It appears from the record that on March 18, 1918, Tippins and Corn, as partners, recovered a judgment against A. F. Luse, and on October 31, 1921, procured issuance of writ of garnishment to the Continental National Bank of Fort Worth, which was alleged to be indebted to Luse. The bank answered as garnishee, this answer was controverted by the garnisher, who filed a supplemental application, and Luse, the debtor, replevied the impounded funds, intervened in the proceeding, and filed motion to quash the application and affidavit on which the writ was issued. The motion to quash was overruled, and judgment was rendered in favor of Tippins and Corn, to whom the impounded funds were awarded. Luse, the debtor, has appealed, contending that the affidavit for garnishment was fatally defective in several particulars.

[1-3] The plaintiff in garnishment was

thus described in the application, which was verified by G. C. Tippins:

"Now comes the Fort Worth Electric & Motor Car Company, by G. C. Tippins, president of said company, the plaintiff in the above-named cause, and respectfully shows that he is plaintiff in the cause of Fort Worth Electric & Motor Car Co. v. R. G. Luse et al., in this court, the file number of which is 41411. * * * "

It is contended here that in this particular the application is fatally defective, in that it is impossible to determine therefrom whether the plaintiff, who was not further described in the affidavit or application, is a corporation, a joint-stock association, an individual, or a partnership, and, if the latter, the names of the individuals composing the partnership. We think this objection to the application is well taken, and should be sustained. The writ of garnishment is a harsh remedy, and the statutes authorizing its issuance are always strictly construed by the courts, and must be strictly pursued by those invoking it.

It is also well settled that an affidavit or application for garnishment, or any other pleading seeking affirmative relief, must describe the parties plaintiff as well as defendant, so as to clearly disclose whether the parties are corporations, individuals, or partnerships, and, if the latter, the names of the partners must be stated. Burden v. Cross, 33 Tex. 685, approved in Frank v. Tatum, 87 Tex. 206, 25 S. W 409; Martin v. Hemphill (Tex. Com. App.) 237 S. W. 550, 22 A. L. R. 984; Barker v. Bank (Tex. Civ. App.) 248 S. W. 478; Payne v. Livingston (Tex. Civ. App.) 253 S. W. 701. No one can discern from the most careful scrutiny of the application in this case whether the plaintiff is a corporation, a joint-stock association, an individual, or a partnership. This vice in the application is emphasized by the disclosure in the progress of the proceeding that the plaintiff is in fact a partnership, composed of Tippins, who verified the application, and of W. L. Corn, whose name was not directly or indirectly mentioned in the application, although equally interested with Tippins, with whom he jointly recovered against the debtor in the original suit and the sureties on the replevy bond. Obviously, the application was bad, and the debtor's motion to quash, seasonably filed and presented, should have been sustained.

[4, 5] Appellant sought in a "supplemental petition and application for garnishment" to cure this and other probable defects in the original affidavit and application. But this could not be done. The original application must stand or fall by its own averments, cannot be amended (Marx v. Abramson, 53 Tex. 264; Smith v. Wallis, 18 Tex. Civ. App. 402, 45 S. W. 820), and cannot be aided by reference to the record in the suit to which the garnishment proceeding is ancillary, or, as was said by the Supreme Court, the courts will not "look to the records, in the original suit, to find information which ought to be contained in the affidavit itself." Willis v. Lyman, 22 Tex. 268; Scurlock v. Gulf, C. & S. F. Ry. Co., 77 Tex. 478, 14 S. W. 148; Barber v. Bank, supra; Bank v. Brown, 42 Tex. Civ. App. 584, 92 S. W. 1052.

[6] It is contended by appellee that, when the debtor replevied the impounded funds, he thereby waived the defects in the proceedings, but this contention is without merit. It is expressly provided by statute (article 279) that the debtor at any time before judgment may replevy the impounded funds, and may thereupon make any defense the garnishee could make. This provision is for the benefit of the debtor, for his protection in case of wrongful issuance of the writ, and it is not conceivable that by following the statute and replevying his property he thereby forfeits his right, given him in the same statute, to show that the writ was in fact wrongfully issued. In this case the debtor is not shown to have been guilty of laches in any degree; he acted seasonably in replevying, in intervening in the proceedings and setting up his rights, and in filing and presenting his motion to quash. The case of Griswold v. Tarbell (Tex. Civ. App.) 242 S. W. 324, cited and relied upon by appellee, does not support the latter's claim of waiver. It is not in point, for in that case no question of the validity or sufficiency of the garnishment proceeding was raised until long after the entry of judgment, and on that account it was held that the debtor had waived his right to quash the affidavit and application.

[7] The judgment of the trial court will be reversed, and, as the matters complained of by appellant are fundamental, and cannot be remedied upon another trial, judgment will be here rendered that appellee take nothing, and pay all costs of the litigation.

Reversed and rendered.