## FIRST NAT. BANK OF FORT WORTH v. COLE. (No. 6787.)

(Court of Civil Appeals of Texas. Austin. July 5, 1924. Rehearing Denied Oct. 8, 1924.)

1. **Appeal and error** ⊚⟶327(14)—**Defendant in main suit not necessary party to proceeding to review judgment against garnishee.**

Defendant in the main suit is in no sense adversely interested to the garnishee, hence is not a necessary party to a proceeding to review the judgment against garnishee.

2. **Garnishment** ⊚⟶93 — **Writs failing to allege garnishee's corporate existence held fatally defective.**

A writ describing garnishee as "First National Bank of" a certain town was fatally defective for failure to allege garnishee's corporate existence.

3. **Garnishment** ⊚⟶95—**Default judgment on May 17th not authorized where writ was served May 5th.**

A writ of garnishment served on garnishee on May 5, 1922, was served one day too late to require garnishee to answer at the term beginning May 15th, and default judgment entered on the 17th was unauthorized.

4. **Garnishment** ⊚⟶87—**Sufficiency of proceeding tested by application not aided by main case.**

The sufficiency of garnishment proceedings must be tested by the application for the writ, and cannot be aided by the record in the main case.

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(264 S.W.)

**5. Garnishment ⟨⟩—133—Defendant's wife held necessary party to garnishment proceeding.**

Where garnishee's answer showed indebtedness of 68¢ to defendant, and sums aggregating over $4,000 to defendant's wife, the wife was a necessary party to determine defendant's interest in the money, and garnishee was entitled to have her before the court.

Error from Erath County Court; Wm. Arch Jones, Judge.

Garnishment proceeding by H. P. Cole against First National Bank of Fort Worth. Judgment for plaintiff, and garnishee brings error. Reversed and remanded.

Massingill & Belew, of Fort Worth, and Chandler & Pannill, of Stephenville, for plaintiff in error.

Robert L. Thompson, of Stephenville, for defendant in error.

McCLENDON, C. J. The First National Bank of Fort Worth, Tex., is seeking in this cause to review by writ of error a default judgment of the county court of Erath county, rendered against the bank as garnishee in a proceeding ancillary to a suit brought by Cole in said court against J. M. Winfrey upon a promissory note for $554.90, besides interest, attorney's fees, and costs.

[1] Cole has moved to dismiss the writ of error on the ground that Winfrey is not made a party to the writ or named as a payee in the supersedeas bond. This motion is overruled. Defendant in the main suit is in no sense adversely interested to the garnishee, and is not a necessary party to a proceeding to review the judgment against the garnishee.

[2] A number of assignments of error and propositions based thereon are urged for setting aside the trial court's judgment. One of these assignments is based upon the proposition that the writ of garnishment does not allege the garnishee is a corporation. This assignment we sustain, the others thereby becoming unimportant.

The record shows the following: The main suit by Cole against Winfrey was filed on April 26, 1922, and was an appearance case to the regular term of the court, which convened on Monday, May 15, 1922. Winfrey was served in time to require him to answer at that term of court. The petition in the main suit was verified and prayed for a writ of garnishment against the bank. On the day of its filing a verified application for writ of garnishment was also filed. In the petition in the main suit, the bank is properly described as "a banking institution alleged to be duly incorporated under the national banking laws of the United States." But, in the application and bond upon which the writ is based, the garnishee is described merely as "First National Bank of Ft. Worth, Texas." The writ of garnishment follows the affidavit and not the petition in this regard. This writ was served on the bank on April 28, 1922.

[3, 4] A second affidavit and bond was filed on May 4, 1922, in which the garnishee is described as the "First National Bank of Fort Worth, Texas." Writ of garnishment, which in this instance also followed in the description of the garnishee, the application and bond upon which it was based, was served on May 5, 1922, one day too late to require the garnishee to answer at the term of court beginning May 15, 1922. On May 15, 1922, Winfrey filed, and the court overruled, a motion to quash the writs of garnishment, on the ground that they "did not state that garnishee is a corporation, joint-stock association, copartnership, or individual."

On May 16th, judgment by default was rendered against Winfrey in the main suit for the full amount of the note, and on the following day judgment by default was rendered in the garnishment proceedings against the garnishee for the same amount. On June 19, 1922, the garnishee filed a motion to set aside the judgment against it, urging, among other things, the ground that the writs of garnishment did not show whether the garnishee was a corporation, joint-stock association, copartnership, or individual. On May 27, 1922, the garnishee filed a motion for new trial, urging the same ground as in its motion to vacate the judgment, and additionally set up the following facts as an excuse for its failure to answer by appearance day: That, upon being served with the writs of garnishment, it employed attorneys in Fort Worth to file its answer, which was duly prepared and verified on May 10, 1922; that this answer was sent by these attorneys to an attorney residing at Dublin, Tex., but on account of the fact that this attorney had removed from Dublin to Pioneer, Tex., he did not receive the answer until May 15, 1922, whereupon he immediately forwarded it to another attorney at Stephenville, who received it on May 20, 1922. This motion was verified, and the facts which it alleged were not controverted. Attached to the motion was the answer of the garnishee verified on May 10, 1922, in which the garnishee showed that it owed Winfrey only the sum of 68 cents, and made denial of any further liability. It also alleged that it held on deposit to the account of Mrs. Winfrey sums aggregating over $4,000; that it did not know whether any part of such fund belonged to J. N. Winfrey, and prayed that both Mr. and Mrs. Winfrey be made parties to the suit, in order to determine their interest in the fund. On June 22, 1922, an order was passed overruling the motion for new trial filed June 19, 1922. The motion filed June 27, 1922, does not appear to have been for-

mally acted upon. The court adjourned September 2, 1922.

The sufficiency of the garnishment proceedings must be tested by the application for the writ, and cannot be aided by the record in the main case. Scurlock v. Ry., 77 Tex. 478, 14 S. W. 148; Barker v. Bank (Tex. Civ. App.) 248 S. W. 478. Neither of the two applications or writs showed that the garnishee was a corporation, and under the holding of the Supreme Court in Ins. Co. v. Friedman Bros., 74 Tex. 56, 11 S. W. 1046, this omission was fatal. Underwood v. Bank (Tex. Civ. App.) 62 S. W. 943; Barker v. Bank, above.

In Burns v. Martin, 254 S. W. 226, the Texarkana Court of Civil Appeals held that, where it is not sought to hold the garnishee on the ground that the main defendant is the owner of shares of stock in the garnishee company, it is not necessary to allege, in the application for garnishment, that the garnishee is a corporation. The court say:

"In this ruling, we are not unmindful of the cases of Underwood v. Bank * * * and Barker v. Bank [above.]."

We are unable to reconcile the Burns Case with the Friedman, Underwood, and Barker Cases. The Friedman Case makes no such distinction as the Burns Case makes. In the Friedman Case it was not sought to reach shares of stock in the insurance company claimed to be owned by the principal defendant, but to reach the proceeds of an insurance policy. The holding of the Supreme Court is contained in the following concise language:

"The affidavit did not state whether appellant or the other company was a corporation, joint-stock association, or copartnership, but did allege that B. M. Burgher was the agent of each. The affidavit for garnishment should state such facts as would enable the officer, who was called upon to issue the writ properly, to issue it. Rev. Stat. arts. 185–187. The affidavit before us did not furnish such information."

The fact that Winfrey moved to quash the writs of attachment, and this motion was overruled, would bar him from asserting any invalidity in the application or writ, but did not cure the error of rendering judgment by default against the garnishee.

[5] The grounds set up in the motion for new trial, filed June 27, 1922, were, in our opinion, sufficient to require the trial court to grant a new trial, if the record had shown that this motion was called to the attention of the court. Freeman v. Miller, 53 Tex. 372; Bank v. Wood (Tex. Civ. App.) 242 S. W. 780. The answer of the bank attached to this motion clearly showed that it was not liable except to the extent of 68 cents, unless the deposit with it in the name of Mrs. Winfrey was subject to her husband's debt. To determine that issue Mrs. Winfrey was unquestionably a necessary party, and the bank was entitled to have her before the court and her rights adjudicated in the fund before being required to pay it over to a creditor of her husband. In view of the fact that the court was without power originally to render the judgment by default, and the motion for a new trial filed during the same term of court contained a verified answer of the garnishee under which it could not be held liable without bringing Mrs. Winfrey before the court and adjudicating her rights, the record clearly shows, in our opinion, that a manifest injustice has been done the garnishee, and the judgment should not be permitted to stand.

Accordingly the trial court's judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.