SMITH & DAVIS MFG. CO. v. CITIZENS' STATE BANK OF MARSHALL et al.*
(No. 2992.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 24, 1924. Rehearing Denied Jan. 8, 1925.)

I. Garnishment ⊕══88—Affidavit for writ to garnishee deposit need not allege whether banks were partnerships, joint-stock companies, or corporations.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 273, affidavit for writ to garnishee money deposited in banks need not allege whether banks were partnerships, joint-stock companies, or corporations.

2. Garnishment ⊕══88—Statutory requirements must be strictly complied with, whether application is made before or after judgment against defendant.

Strict compliance with requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 273, that application and affidavit for writs state residence of garnishees, is necessary, whether application is made before or after judgment against defendant.

3. Garnishment ⊕══88—Affidavit cannot be aided by allegations in garnishees' answers.

Affidavit not stating residences of garnishees cannot be aided by allegations in latters' answers.

4. Evidence ⊕══25(1)—Judicial knowledge that there is only one Marshall in Texas and that it is county seat of Harrison county.

Courts of Texas judicially know that there is only one Marshall in such state, and that it is county seat of Harrison county.

5. Garnishment ⊕══88—Designation of garnishee banks as "of Marshall, Tex.," in affidavit held sufficient statement of residence.

Designation of garnishee banks in affidavit as "of Marshall, Tex.," held sufficient compliance with requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 273, that residence of garnishee be stated, though such designation was part of banks' names.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Garnishment by the Smith & Davis Manufacturing Company against the Citizens' State Bank of Marshall and others. From judgment of dismissal, plaintiff appeals. Reversed and remanded.

Geo. Prendergast, of Marshall, for appellant.

Hobert Key, Huffman & Huffman, and W. H. Strength, all of Marshall, for appellees.

WILLSON, C. J. A judgment in appellant's favor against N. J. Dobbs for $1,084, interest and costs, rendered January 9, 1924, was unsatisfied January 15, 1924, when appellant sued out writs of garnishment against Mrs. Jimmie Brown Dobbs, wife of said N. J. Dobbs, the Guaranty State & Savings Bank of Marshall, Tex., and the Citizens' State Bank of Marshall, Tex. Each of the banks excepted to the affidavit for the writs on the ground that it did not appear therefrom whether it (the bank) was a partnership, a joint-stock company, or a corporation, and on the ground that its place of residence was not stated therein. Mrs. Dobbs also excepted to the affidavit, asserting that same was insufficient for the reasons urged by the banks, and also because her place of residence was not stated therein; and so, also, did said N. J. Dobbs, for the reasons stated by the banks and Mrs. Dobbs. Having sustained the exceptions, the trial court rendered judgment dismissing the garnishment proceedings and against appellant for costs, including attorney's fees to the respective garnishees as follows: To Mrs. Dobbs, $10; to the Citizens' State Bank, $25; and to the Guaranty State & Savings Bank, $50.

The affidavit in question, so far as it is of importance to state it, was as follows:

"Affiant says that he has good reason to believe, and does believe, that Mrs. Jimmie Brown Dobbs, wife of N. J. Dobbs, has money in the Guaranty State & Savings Bank of Marshall, Tex., and money also in the Citizens' State Bank of Marshall, Tex., in her name which is community property between her and the said N. J. Dobbs, and is subject to be taken to pay this judgment. Affiant further asks and prays that a writ of garnishment issue to the said Mrs. Jimmie Brown Dobbs, wife of N. J. Dobbs, the Guaranty State & Savings Bank of Marshall, Tex., and the Citizens' State Bank of Marshall, Tex."

---

⊕══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 4, 1925.

It is obvious that the residence of Mrs. Dobbs was not stated in the affidavit, and it is not claimed that the garnishment proceedings were valid so far as they were against her. The contention here is that it was error to sustain the exceptions as to the banks on either of the grounds urged.

[1] This court held in Burns v. Martin, 254 S. W. 226, that—

"That part of article 273 [Revised Statutes], which requires the application for a writ of garnishment to state that 'the garnishee is an incorporated or joint-stock company' is applicable and need only be alleged where the creditor attempts to reach the shares, or an interest therein, of a stockholder in a corporation or joint-stock company."

The ruling was to the contrary of holdings in Underwood v. Bank (Tex. Civ. App.) 62 S. W. 943, and Barker v. Bank (Tex. Civ. App.) 248 S. W. 478 (which fully supported the action of the trial court); but it is believed to be right and therefore is adhered to, notwithstanding the later holding in Bank v. Cole (Tex. Civ. App.) 264 S. W. 926. In the instant case the plaintiff was not attempting to reach "shares, or an interest therein, of a stockholder" in the banks, and we think it was error to sustain the exceptions to the affidavit on the ground that it did not appear therefrom whether the banks were "partnerships, joint-stock companies, or corporations."

[2] Was it error to sustain the exceptions on the other ground, to wit, that the residence of the respective banks was not stated in the application or affidavit for the writs? The statute required that the residence of the respective garnishees should be so stated (article 273, Vernon's Statutes), and compliance with the requirement has been held to be indispensable to the validity of garnishment proceedings (Harrington v. Edrington [Tex. Civ. App.] 38 S. W. 246). It is insisted on behalf of appellant that the requirement was sufficiently complied with, in that the respective banks were designated in the affidavit as "of Marshall, Tex." It was held directly to the contrary of the contention in Bank v. Walker Brokerage Co. (Tex. Civ. App.) 198 S. W. 174, where the appellant bank was designated in the affidavit as the "National Bank of Commerce of Amarillo, Tex." In that case the application for the writ was made before the plaintiff obtained judgment against the defendant, while in the instant case it was made after the judgment in appellant's favor against Dobbs was obtained. Appellant insists the difference renders the brokerage company case of no value as authority in this one, arguing that garnishment is a harsh remedy requiring a strict compliance with the requirements of the statute only when resorted to before judgment. The argument would be plausible if the rights of the defendant only were concerned, but those of the garnishee cannot be ignored, and the effect of the garnishment proceedings on his is the same whether they are commenced before or after judgment against the defendant. Willis v. Lyman, 22 Tex. 268; Scurlock v. R. Co., 77 Tex. 478, 14 S. W. 148; Barker v. Bank (Tex. Civ. App.) 248 S. W. 478; Ellis v. Blum Co. (Tex. Civ. App.) 242 S. W. 1001. In the Willis-Lyman Case Judge Bell said:

"The writ of garnishment brings into court strangers to the judgment, or to the original suit, as the case may be, and subjects them to much inconvenience and hazard. It often happens, or, to say the least, it sometimes happens, that garnishees are obliged to pay twice, because the court is not informed of all the facts in the particular case. For these reasons, proceedings against garnishees ought not to be sustained, unless they are in strict conformity with the requirements of the law."

[3] It is argued further that the defect in the affidavit for the writs in failing, if it did, to state the residences of the respective banks, was cured by allegations in the answers of the banks showing such residences. But the rule is that "the affidavit in garnishment cannot be aided by the record." Barker v. Bank (Tex. Civ. App.) 248 S. W. 478; Smith v. Wallis, 18 Tex. Civ. App. 402, 45 S. W. 820.

[4, 5] However, we do not agree that the holding of the court in the case referred to (Bank v. Walker Brokerage Co.) is correct, and we are not willing to follow it. The holding seems to have been based on the ruling in Bank v. Teal, 5 F. 503, where a United States Circuit Court held that the designation of a plaintiff in attachment as the "Third National Bank of Baltimore" was not equivalent to an averment that the plaintiff was "a banking association, established in the district of Maryland." The reasoning of the federal court was that there were "other Baltimores than the one in Maryland," and that there did not "appear to be in the national bank act anything to prohibit an association formed in any other state from having been the first to take the title of the plaintiff, if they had seen fit, and if the Comptroller of the Currency had approved." The reasoning does not apply to the facts of the instant case, for there is, and we think the courts of this state should be held to know there is, only one "Marshall" in Texas, and that it is the county seat of Harrison county. The purpose of the statute in requiring the residence of a garnishee to be stated in the application for the writ is, it has been said, "that the court may * * * determine the county to which the writ should be directed, and whether on final hearing, in the absence of an answer, it will be authorized to enter judgment by default, or will be required to issue commission to take his answer to some other county." Conner, C. J., in Lash v. Bank (Tex. Civ.

App.) 54 S. W. 806. It seems to us that to designate a garnishee bank as "of Marshall, Texas," accomplishes that purpose, for no clerk called upon to issue the writ, and no court called upon to take action in the case, looking to such a designation, could have any doubt as to the residence and place of business of the bank. The court deciding the brokerage company case seems to have been of the opinion that the residence of a bank must be stated apart from its name to comply with the requirement of the statute, for it said, "the name of the garnishee is not distinctly averred, or its residence is not shown, and in either event the affidavit is defective." We see no reason why the place where a bank resides or engages in business should not form a part of its name, and if it does why it should be necessary to state its residence apart from its name. In the instant case, if the names of the banks were "Citizens' State Bank of Marshall, Tex.," and "State & Savings Bank of Marshall, Tex.," respectively, their residences would not have been more certainly indicated than they were had they been described in the affidavit as the "Citizens' State Bank of Marshall, Tex., of Marshall, Tex.," and "State & Savings Bank of Marshall, Tex., of Marshall, Tex."

In the view we take of the law we feel bound to reverse the judgment, notwithstanding the ruling of the trial court was, as we have seen, in conformity to holdings of appellate courts in the state.

The judgment is reversed and the cause is remanded for a new trial.