## ALY et al. v. TEXAS PUBLICATION HOUSE. (No. 640.)

Court of Civil Appeals of Texas. Waco.
March 22, 1928.

Rehearing Denied April 19, 1928.

**Garnishment ☞88, 93—Garnishment proceedings against "City National Bank of Dallas" held not rendered void because application and writ failed to contain words "of Dallas" (Rev. St. 1925, art. 4078).**

Where application for garnishment and writ of garnishment designated garnishee as City National Bank, a corporation, and writ was served on City National Bank of Dallas, failure of application and writ to state "of Dallas" after name City National Bank *held* not to render garnishment proceedings void under Rev. St. 1925, art. 4078, requiring application for writ to state name and residence of garnishee, where garnishee entered appearance and moved to quash because words "of Dallas" were not annexed to its name, which motion

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was overruled and no complaint thereof made in trial court or on appeal.

Appeal from Dallas County Court, at Law; Wm. M. Cramer, Judge.

Garnishment suit by the Texas Publication House against Mrs. E. K. Aly and others. Judgment for plaintiff, and defendant and another appeal. Affirmed.

Thomas G. Burke, of Dallas, for appellants.
Chas. Romick, of Dallas, for appellee.

STANFORD, J. This is a garnishment suit, ancillary to cause No. 639, Mrs. E. K. Aly v. Texas Publication House, a Corporation, 5 S.W.(2d) 235, this day decided by this court. At the same time the main suit was filed, the plaintiff therein sued out a writ of garnishment and had same served upon the City National Bank of Dallas, commanding said bank to appear on October 5, 1925, and answer what, if anything, it was indebted, etc., to Mrs. E. K. Aly, the defendant in said main suit. The writ was served on the garnishee on August 20, 1925, and on August 22, 1925, appellant replevied her funds in said garnishee bank by giving bond in the sum of $600, with the Ætna Casualty & Surety Company as surety, said replevy bond being in due form and conditioned as required by law, which bond was duly approved and said funds delivered by the garnishee to appellant. On the trial, on the same day the main suit was tried, judgment was rendered in favor of the Texas Publication House against the garnishee bank, and also against Mrs. E. K. Aly and her surety, the Ætna Casualty & Surety Company, for $293.96, costs, etc. The garnishee bank has not appealed, but Mrs. E. K. Aly and her surety have appealed and present the record here for review.

Under her first proposition appellant contends the court erred in refusing to sustain her motion and also the motion of the garnishee to quash the garnishment, upon the ground that the writ of garnishment did not properly describe the garnishee bank. The record discloses that the writ of garnishment commanded the officer to summon the "City National Bank, a corporation." The officer served the writ on the "City National Bank of Dallas, a corporation." In the application for the writ it is alleged:

"That the said City National Bank, garnishee, is a corporation, duly incorporated and lawfully doing a banking business, with its principal office in the city of Dallas, Dallas county, Tex."

The sufficiency of garnishment proceedings must be tested by the application for the writ, and if the garnishee is a corporation and the application fails to so state, the proceeding should be quashed. First National Bank of Fort Worth v. Cole (Tex. Civ. App.) 264 S. W. 926, and cases there cited. However, this holding seems to have been materially modi-

fied by a later decision, approved by our Supreme Court. First Nat. Bank v. First State Bank (Tex. Com. App.) 291 S. W. 206; Smith & Davis Mfg. Co. v. Citizens' State Bank (Tex. Civ. App.) 267 S. W. 1016. The application in this case set out fully that the garnishee was a banking corporation, duly incorporated, with its place of business in Dallas, Dallas county, Tex. The writ also designated the garnishee as "a corporation." So the above case cited by appellant has no application to the question here involved. The exact question here involved is, Did the failure of the application and the writ to state "of Dallas" after the name "City National Bank" amount to such misnomer of the garnishee as to render the proceeding void? The purpose of the statute, article 4078 (Rev. St. 1925), in requiring the application for the writ to state the name and residence of the garnishee, is to furnish the necessary data for the issuance of the writ, and the officer in serving same. The record seems to leave some doubt as to whether the words "of Dallas" after the name "City National Bank" is a part of the name of said bank or is used to designate its place of business. However, we think this is immaterial. There is no question but that the writ was served on the garnishee bank intended, and said bank entered its appearance in this case in a motion to quash because the words "of Dallas" were not annexed to its name, "City National Bank." This motion was overruled, and no complaint of this action of the court was made by the bank in the trial court, and it is making none here. There is no merit in appellant's contention.

We have considered all of appellant's assignments, and, finding no reversible error, same are overruled. The judgment of the trial court is affirmed.